By the Court,

Savage, Ch. J.
The principal question in- this case is whether a justice of the peace is liable for negligence and carelessness in giving erroneous information as to the amount of a judgment rendered by him, whereby an appeal was quashed for variance between the amount of the judgment specified in the appeal bond and in the justice’s return.
It must be considered as the settled law of this court that no person is liable for any error committed in a judicial character ; and it is equally well
*548 settled that he is liable for all ministerial acts, except those in which he has no discretion. In which capacity did the justice act in this instance ? or did he act in either ? In Tompkins v. Sands, 8 Wendell, 462, it was held to be the duty of the justice to accept the appeal bond, if the security was such as should be approved. The law makes it the duty of the justice to do several acts after judgment is rendered, and which are to be done in his character as a justice ; but he-is not required to certify to the amount of the judgments rendered by him, except when a transcript is wanted to be filed in the clerk’s office, or a certificate to be used as evidence. It is certainly proper for a justice to afford every facility in his power to those who wish to review his decisions. Pride of opinion should not operate upon any judge in such manner as to create a wish that his decisions should not be reviewed, and if erroneous, reversed. But I do not find that it is the official duty of a justice to give a certificate of the amount or date of his judgments, to enable parties to bring their appeals correctly ; *yet it is proper that he should give the information, and give it correctly. Parties may indeed inspect and examine his docket, by his permission, for that docket is a private book, not a public record. The book too may be found to be incorrect, as in the case of Willard v. Jenkins, 9 Wendell, 298, and it may be altered so as to make the entries correspond with the truth. The information, therefore, must come directly or indirectly from the justice, but it is not an official act for which he is responsible for an unintentional mistake. In Millard v. Jenkins, the justice was held not liable, not because the plaintiff was not misled by him, but because there was no fraudulent intent. So in this case, no fraudulent intent is imputed; the variance arose from mere mistake, and in such case the justice is no more liable than any third person would be, who had been requested to examine the docket, and inform the party what was the amount of the judgment. It is the duty of every person to whom a question is put, to answer truly if he answers at all; but if in giving an answer he makes a mistake, it would be extremely rigourous to hold him responsible for all consequences, when no fraud or evil intent is imputable. If in this case the party had written to a friend, who had looked at the docket, and made a mistake in taking a note of it, would we say that such person should be responsible in damages for the consequences of that mistake ? The justice, in this case, is the supposed friend ; he is under no obligation, except that of courtesy, to give the information ; it is not a duty imposed by statute ; he receives no compensation for it, and should not be responsible for an unintentional error.
Judgment affirmed, with single costs.