### FORD *ads.* SMITH.

In an action for a false return, though the return be untrue on its face, yet the officer making it is not liable in damages, if the facts of the case truly stated, would have produced the same result to the party complaining as the return made.

ON demurrer to replication. This was an action against the defendant for a false return to a *certiorari* removing a judgment had before him in a justice's court. The declaration alleged that the defendant falsely certified in his return, that *on the return of the warrant* in the suit below, one Hopping appeared as the attorney of the plaintiff, and proved a power of attorney to him for that purpose, from the plaintiff; whereas, in truth, Hopping was permitted to appear as the attorney of the plaintiff, and to declare against the defendant, notwithstanding the objection of the defendant on the bare production of the power of attorney, verified only by a certificate of acknowledgment before a justice of the peace; and though Hopping, on being sworn as a witness on the trial of the cause, did prove the execution of the power, such proof was subsequent to his being allowed to appear and exhibit his declaration as the attorney of the plaintiff. By reason of which false return, the judgment was affirmed in the supreme court.

The defendant plead the general issue, and a special plea, that on the *trial* of the cause, Hopping was sworn as a witness for the plaintiff, and, among other things, proved the due execution of the power of attorney. The plaintiff replied, confessing the facts alleged in the plea, and reiterating the charge set up in the declaration, that the attorney was permitted to appear and declare without proof of the power, and concluding to the country. To which there was a demurrer and joinder. The case was submitted on briefs.

*F. G. Jewett,* for defendant.

*H. Baldwin,* for plaintiff.

*By the Court,* SAVAGE, C. J. The question turns on the validity of the plea. Had the return stated the facts truly cronologically, I think we should have held the error cured. It was erroneous in the justice to permit the attorney to appear without competent proof of the authority. Such proof was made in the progress of the trial. The facts then appearing that the attorney had power to appear, the error was cured. This is in perfect analogy to other decisions of this court. Thus, where parol proof was received of encumbrances on real estate, the error was cured by due proof afterwards. (6 *Cowen,* 455.) So where the judge improperly refused to nonsuit the plaintiff for defect of proof, the error was cured by the proper proof being subsequently given. (6 *Cowen,* 490.) In *Jackson* v. *Tuttle,* (7 *Cowen,* 364,) it was held that in settling a bill of exceptions, the judge should insert testimony subsequent to the exception which operated as a waiver of the exception. I am of opinion that the defendant is entitled to judgment on the demurrers.