### MILLARD vs. JENKINS.

In an action against a justice for a false return on an appeal from a judgment rendered by him, in consequence of which the appeal is *quashed*, to entitle the plaintiff to sustain his action, he must shew that had such appeal not been quashed, he would have got rid of the judgment against him.

Where a verdict in a justice's court was rendered near midnight of the *nineteenth* day of a month, and the justice on the next day entered judgment as of the *twentieth*, and the party against whom judgment was given appealed, reciting in his appeal bond the judgment as rendered on the *twentieth*, and the justice subsequently in his return to the common pleas stated the circumstances, and that the judgment was rendered on the *nineteenth*, in consequence of which the appeal was quashed, *it was held*, that no action lay against the justice for a *false return;* nor for fraudulently misleading the party, there being no evidence of a *fraudulent intent.*

ERROR to the Onondaga common pleas. Millard sued Jenkins in a justice's court for a *false return* made to the Onondaga common pleas, on an appeal by Millard, from a judgment against him, rendered by Jenkins, as a justice of the peace, in a suit in favor of S. Hall and J. McClure. The falsity of the return was alleged to consist in stating that the judgment was rendered on the *nineteenth*, instead of the *twentieth* day of February, 1828, in consequence of which the appeal was quashed, for the reason that the appeal bond, which stated the day of the rendition of the judgment to be the *twentieth*, did not truly recite the judgment. The appeal was quashed by the common pleas, after a *mandamus* from the supreme court, and Millard was subjected to the costs of the common pleas, and of the mandamus, and to the payment of the judgment rendered

by the defendant. All these facts were set forth in Millard's declaration, in which the defendant was charged with having *fraudulently* altered the date of the judgment, after the entry of the appeal, and the return was alleged to be *false* and *untrue*. The defendant pleaded not guilty ; the cause was tried, and the plaintiff had a verdict for $25 ; upon which the justice rendered judgment, and the defendant appealed to the common pleas of Onondaga. On the trial in that court, the return of the defendant, in the suit of Hall and McClure against Millard, was produced ; in it it was stated that a trial was had on the *nineteenth* day of February ; that the jury found a verdict for the plaintiff for $50 damages, and that he thereupon gave judgment that the plaintiffs recover, &c. A second return was also produced, which had been called for by rule obtained by Millard, in which the justice stated " that said cause was tried and a verdict rendered therein on the *nineteenth* day of February ; that I made a minute in the notes which I took at said trial, immediately on the bringing in of the verdict of the amount thereof ; that the judgment *is entered upon my docket as of the nineteenth of February*, though in point of fact the entry was not made till the morning of the *twentieth*. I then informed the counsel for the defendant that the appeal bond should describe the judgment as rendered on the *nineteenth*, that being the day on which I received the verdict of the jury, and on which I supposed the judgment should bear date. The costs were taxed by me on the morning of the *twentieth* of February." It was then proved that the jury in the cause against Millard rendered their verdict on the *nineteenth* of February, about midnight ; that Jenkins was requested forthwith to tax the costs, and to render judgment, so that the defendant might draw an appeal bond, and finish the making an appeal. Jenkins declined to do so, and said he should not render judgment until the next morning ; at which time the defendant and his attorney attended, Jenkins taxed the costs and made an entry in his docket that the judgment was rendered on the *twentieth* day of February ; whereupon the attorney filled up an appeal bond, reciting the judgment as of the *twentieth* of February, which was duly executed, approved by the justice, and left with him. Afterwards on

the same day, Jenkins informed the defendant and his attorney that he had been advised that the judgment must be dated back to the *nineteenth* day of February. The attorney told him he had a right to enter it at any time within four days, and that having entered it as of the *twentieth*, and the bond having been received and approved, he had no right to alter it; to which the justice answered that he would let the judgment stand as it was, and not alter it; that it then bore date the *twentieth*, with the bond, and he would let it remain so; upon which the parties separated. The plaintiff, Millard, then proved several bills of costs paid by him, in consequence of the quashing of the appeal, which, with the judgment rendered by the defendant Jenkins, amounted to the sum of $157. The plaintiff having rested, the common pleas *nonsuited* him, and he sued out a writ of error.

*J. A. Spencer*, for plaintiff in error.

*M. T. Reynolds*, for defendant in error.

*By the Court*, Savage, Ch. J. So far as the plaintiff attempted to recover on the ground of a false return, the common pleas undoubtedly decided correctly. The first return stated the verdict on the *nineteenth* day of February, and judgment thereon, and left it as a legal inference that the judgment was rendered on the same day that the verdict was brought in. The additional return stated the facts as they took place, from which it was adjudged by this court that the judgment was of course immediately consequent upon the verdict, and was a judgment of the *nineteenth*.

But the ground of complaint which remains is this, that the justice did in fact render and enter a judgment upon the *twentieth* day of February; that he knew the defendant wished to state the date of the judgment correctly in his appeal bond, and after the bond had been made to correspond with such date, and was approved by him, he altered the entry in his docket in such manner as to defeat the appeal. The witness states that in a conversation with the justice on the point of the correctness of the entry, the justice assured him that it should

remain as a judgment of the *twentieth.* Now whether this entry was right or wrong is not material to the present enquiry, if in consequence of the subsequent alteration in the date, the plaintiff failed in sustaining his appeal. But it is the justice's return by which the rights of the parties are to be affected, and not the entry in the docket, provided there is a variance between them. As to the question, on which day the judgment was in contemplation of law rendered, there can be no doubt that it must be on the same day when the verdict is rendered; and the facts on that subject were spread before the court. The real ground of action, if any, which the plaintiff has, is, that the justice fraudulently, if it was fraudulently done, induced the plaintiff to give a wrong description of the date of the judgment. I doubt whether this is distinctly stated as the ground of action, but if it is, no *fraudulent intent* is proved. There seems to have existed a mutual mistake between the justice and the counsel for the plaintiff in error as to the right of a justice to take four days after verdict, within which to render a judgment. I apprehend, therefore, the court below were correct.

Another point was taken on the argument which seems to me also to be sound; that is, that it was not shewn that there was any error committed by the justice which could have been corrected on appeal. In an action for a false return, it should appear that the plaintiff was injured by the return made. In a suit for an escape or rescue at common law, the plaintiff must shew a good cause of action against the party rescued or escaping. In an action to a false return to a certiorari, it must appear to the court that the party sustained an injury in consequence of the falsity of the return. In this case how could the jury say that upon the testimony before them the plaintiff had sustained $157 damages? Had the appeal not been quashed the judgment of the justice might have been sustained, and the present plaintiff might have sustained even heavier damages than those to which he has been subjected. The evidence did not go far enough, and therefore the nonsuit was right.

Judgment affirmed, with double costs.