ALBANY,
Jan. 1833.

Commission-
ers of High-
ways of Bush-
wick
v.
Meserole.

---

### The Commissioners of Highways of the Town of Bushwick *vs.* Meserole and others.

On an appeal from the doings of commissioners in the laying out of a road, an inquiry into the damages of the owners of lands is proper to enable the judges to determine whether the benefit will equal the expence, and whether the public good will be promoted by the road.

Freeholders, whose freeholds are situate in the village of *Williamsburgh*, are not competent petitioners for a road in the town of *Bushwick*, without the bounds of the village.

*Parol* testimony is admissible on an appeal to shew the location of the freeholds of the petitioners.

*It seems,* that a *justice of the peace* has no authority to administer the oath required to be taken by petitioners for a road.

An appeal, stating the proceedings of commissioners in laying out a road to be *illegal,* is a sufficient compliance with the statute requiring the grounds of appeal to be briefly stated, in a case where the petitioners for the road

are not freeholders of the *town*, within the meaning of the act, although *it seems* it would have been well to have specified the objection.

On an appeal, a commissioner of roads is not a competent witness to prove the regularity of the proceedings in the laying out of a road.

ALBANY,
Jan. 1833.

Commission-
ers of High-
ways of Bush-
wick
v.
Meserole.

CERTIORARI to the judges of the county of Kings relative to a road. The commissioners of highways of the town of Bushwick, in the county of Kings, in August, 1830, laid out a road extending southeastwardly from the eastwardly termination of South Second street, *in the village of Williamsburgh,* which termination is the boundary of the village, and which village is situate *in the town of Bushwick.* The road was laid out on the petitition of 12 persons, eleven of whom were freeholders of the *village* of Williamsburgh, but owned no freeholds in the *town* of Bushwick, out of the bounds of the village; the other petitioner was a freeholder, both in the village and in the town out of the village. *Meserole* and others, through whose lands the road was laid, *appealed* from the order of the commissioners laying out the road to three of the judges of the county of Kings, stating as the grounds of their appeal, 1. That the proceedings of the commissioners in the laying out and recording of the road were illegal; 2. That it was impossible for the town of Bushwick to compensate them for the damages they would sustain by the road being laid out; and 3. That the public good did not require the road. The appellants and the commissioners appeared before the judges, when the commissioners presented the following objections to the appeal: 1. That the grounds of appeal stated by the appellants are too general, and lead to surprise; 2. That the appeal does not conform to the statute, by stating whether a reversal of the whole or only a part of the road is sought; 3. That it does not appear from the appeal whether an order *in writing* had been made by the commissioners as to the laying out of the road; 4. That the subject of damages could not be considered on appeal; and 5. That the commissioners are the sole judges whether the public good requires the road. The judges overruled the objections, and decided that the first and third grounds of appeal were sufficiently explicit to authorize them to entertain jurisdiction. The order of the commissioners laying out the road was then produced, bear-

ALBANY,
Jan. 1833.

Commission-
ers of High-
ways of Bush-
wick
v.
Meserole.

ing date and filed in the town clerk's office on the 25th August, 1830. The town clerk testified that no petition for the road was on file. The petition was produced, signed by twelve persons as petitioners, eleven of whom were sworn before a *justice of the peace* and one before a *commissioner;* and Edmund Frost, one of the commissioners who laid out the road, was offered by the commissioners to prove that the petition was presented to them previous to the order for the road, and to account for its not being filed; the appellants objected that he was not competent to testify, and he was excluded. Another person testified that the petition was delivered to the commissioners previous to the order for laying out of the road, and the judges decided that the omission to file the petition at the time of the order for laying out the road did not affect the regularity of the proceedings. The appellants then offered to prove by *parol* that eleven of the petitioners were not freeholders of the *town* of Bushwick, within the true meaning of the act, their freeholds being situate *within* the bounds of the *village,* and not without the same. The commissioners objected to such evidence, insisting that the location of the freeholds of the petitioners could be shewn only by the production of their deeds or of the records of the same. The judges overruled the objection, and a witness testified to the fact as above offered to be proved; whereupon the commissioners admitted the truth to be as stated by the appellants. The appellants then proceeded to examine a witness as to the extent of their damages. The inquiry was objected to, and the judges decided that it was proper to inquire generally into the extent of the damages, to enable them to determine whether the probable cost of the road would or would not be greater than the probable benefit to the public. The testimony, however, was waived, and the judges proceeded to hear counsel on the question whether eleven of the petitioners could be considered freeholders of the *town* of Bushwick, within the true meaning of the act; and after such hearing, they decided that they were not such freeholders, and accordingly *reversed* the order of the commissioners laying out the road. The commissioners sued out a *certiorari.*

*S. F. Clarkson,* for the commissioners.

*W. Rockwell,* contra.

ALBANY,
Jan. 1833.

Commission-
ers of High-
ways of Bush-
wick
v.
Meserole.

*By the Court,* SAVAGE, Ch. J. The judges decided correct-ly in ruling that the omission to file the petition at the time of the making of the order laying out the road did not affect the regularity of the proceedings, the statute requiring it to be filed being merely directory.

As to the principal question, and upon which the order of the commissioners laying out the road was reversed : The village of *Williamsburgh* was incorporated by an act passed April 14th, 1827, *Laws of* 1827, *p.* 270, 275, by the 17th sec-tion of which the village is made a road district, and declared to be exempt from the superintendance and power of the commissioners of highways of the town of *Bushwick,* and the trustees of the village are invested with the powers and duties of commissioners over said district, subject to the same restric-tions and appeals. By the 47th section of the act regulating highways and bridges in the counties of Suffolk, Queens and Kings, passed February 23d, 1830, *Laws of* 1830, *p.* 51, it is declared that no highway shall be laid out through any land, unless in the opinion of the commissioners the public good requires it ; nor without the consent of the owner or oc-cupant thereof, unless on the petition of twelve freeholders of the same town, verified by their oath or affirmation. This act specifies the powers and duties of commissioners, overseers, magistrates and individuals, in nearly the same manner as the general road act. The last section is as follows : "The provisions of this act shall not extend to the villages of Brook-lyn and Williamsburgh in the said county of Kings." If this act does not apply to the village of Williamsburgh, then the village for the purposes of that act composes no part of the town of Bushwick ; and such, I understand, is and must be the effect of the 109th section. For all other purposes, the village is still part of the town, and the inhabitants vote at town meeting, are assessed, and pay taxes as inhabitants of the town. It is very clear that the commissioners of high-ways have no right to lay out streets in the village, nor have

ALBANY,
Jan. 1833.

Commission-
ers of High-
ways of Bush-
wick
v.
Meserole.

the trustees a right to do it upon the petition of twelve free-holders living out of the village ; and if so, there is no good reason why the inhabitants of the village should interfere in similar concerns of the town.   In deciding, therefore, that the petitioners in this case were not freeholders of the town of Bushwick, within the meaning of the act, the judges were certainly correct.

There were several other points passed upon by the judges, upon which their decision now is not very material ; but as they have been discussed by counsel, it may be proper to no-tice them.   By the 68th section, every appeal shall be in wri-ting, shall briefly state the grounds upon which it is made, and whether it is brought to reverse entirely the determina-tion of the commissioners or only a part, and if the latter, such part must be specified.   The appeal in question might have been more explicit.   It states that the order of the commis-sioners is illegal ; it might have specified wherein, to wit, that the petitioners were freeholders *in the village,* but in no other part of the town.

The damages are a proper subject of consideration only so far as to inquire whether the benefit will equal the expense. This must be inquired into by the judges as well as by the commissioners, and this ground of appeal was all the paper contained to inform the judges that the appellants sought to reverse the whole determination of the commissioners.   This perhaps was enough, though it would have been well that the appeal should have pursued the directions of the act more particularly.   The judges pass in review upon the acts of the commissioners, and are substituted in their place ; all the con-siderations which are proper for the one are also for the other tribunal.

Frost, the commissioner, was properly excluded.   It is a general rule that a party to the record shall not be a witness unless to prove to the court some preliminary matter, as the service of notice, the loss of a paper, the death or unavoidable absence of a subscribing or material witness, in order to let in secondary testimony.   In this case, I apprehend, Frost was interested in the costs.   If the cause is decided against him,

he will be responsible in the first instance, and without any certain indemnity.

It is also objected that the freeholders were not legally sworn—that a *justice of the peace* has no power given him to administer an oath in such a case ; that the statutes provide, 2 *R. S.* 284, § 49, that whenever an oath is required by law, it may be administered with certain exceptions by certain officers, among whom justices are not mentioned. I confess I do not see how the justice acquires his authority, although there may be some section in the statutes which neither the counsel nor myself have found.

The judges received parol testimony as to the location of the freeholds of the petitioners. It is true that their title deeds or even their own testimony would have been higher evidence ; but it must be remembered that the judges were not inquiring into the title of the petitioners, but, admitting that they were freeholders, the question was, where was their freehold located ? The testimony offered appears to me *prima facie* sufficient to throw the burden of proving the contrary upon the other side. It was conceded, however, in the course of the investigation, that the petitioners were freeholders in the village, and no where else in the town.

On the whole, I think the judges were correct on the point upon which they placed their decision, and it should be affirmed.

Judgment affirmed.