THE PEOPLE ex rel. MURRAY HUBBARD et al., Appellants, *v.* WILLIAM B. HARRIS et al., Respondents.

| 63  391 |
| 126  364 |

Referees appointed under the statute (chap. 455, Laws of 1847) to hear an appeal from an order of commissioners of highways laying out a highway, have no power to pass upon the question of the jurisdiction of the commissioners to make the order, but are confined to an examination of the case upon the merits, upon the assumption that the order is valid.

*People* v. *Cline* (23 Barb., 197) reversed; *People* v. *Com. of S.* (27 id., 94), *People* v. *Cortelyou* (36 id., 164) and *People* v. *Goodwin* (5 N. Y., 568) distinguished.

As to whether a different rule would apply where the order of the commissioners refused to lay out the highway and the referees reversed such decision, *quære.*

The fact that after a highway has been laid out by highway commissioners the owner or occupant of the land placed buildings upon the route of the road, furnishes no obstacle to the opening of the road, and presents no question upon appeal from the decision of the referees.

(Argued November 30, 1875 ; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming upon certiorari the decision of defendants as referees, which affirmed an order of commissioners of highways of the town of Watervliet, Albany county, laying out a highway.

The facts appear sufficiently in the opinion.

*Nathaniel C. Moak* for the appellants. The relator, upon the hearing before the referees, had the right to show that the commissioners had no jurisdiction to lay out the highway. (*People* v. *Cline,* 23 Barb., 197, 199, 201 ; *People ex rel.* v. v. *Ottman,* 27 id., 94, 96 ; affirmed, 30 N. Y., 470; *People* v. *Goodwin,* 5 N. Y., 568 ; *People* v. *Van Alstyne,* 32 Barb., 131 ; *People* v. *Kniskern,* 50 id., 87 ; *People* v. *Cortelyou,* 36 id., 164 ; *Town of Galtatia* v. *Loucks,* 21 id., 578 ; *Comrs.* v. *Meserole,* 10 Wend., 122; *People* v. *Judges of Dutchess Co.,* 23 id., 361 ; 1 R. S., 518–520, §§ 84–97 ; 1 Edm. St., 477–480 ; 1 R. S., 514, § 58 ; 1 Edm. St., 473 ; *People* v *Comrs.,* 27 Barb., 96, 97 ; affirmed, 30 N. Y., 472 ; *People* v.

*Albright,* 14 Abb. Pr., 305; 23 How., 306; *Terpenning* v. *Smith,* 46 Barb., 208; *People* v. *Osborn,* 20 Wend., 186; *People* v. *Comrs.,* 8 N. Y., 479–481; 2 Laws of 1847, 584, § 8; *Pritchard* v. *Bartholomew,* 45 Ind., 219; *Salter* v. *Parkhurst,* 2 Daly, 240; *Butler* v. *Wagener,* 35 Wis., 54–58; *Klaise* v. *State,* 27 id., 462–464.) A certiorari to the commissioners would not have presented the want of jurisdiction, and nothing outside of the record of the proceedings before the commissioners would have been brought up. (*Adams* v. *Sar. R. R. Co.,* 10 N. Y., 332; *Wilson* v. *Mayor, etc.,* 1 Abb., 15–17; *Baldwin* v. *City of Buffalo,* 29 Barb., 396, 400; *Bd. of Health* v. *Heister,* 37 N. Y., 683; *Heywood* v. *City of Buffalo,* 14 id., 540; *Murray* v. *Knapp,* 42 How. Pr., 462; *People* v. *Mayor, etc.,* 2 Hill, 10; *In re Mt. Morris Square,* id., 14; *People* v. *Suprs.,* 43 Barb., 232.) Upon this certiorari the court will examine all questions of law arising in the proceedings, and may go beyond the inquiry of jurisdiction and examine the whole proceeding upon the evidence as to its merits. (*People* v. *Assessors, etc.,* 40 N. Y., 154; *People* v. *Police,* 39 id., 506; *People* v. *Winchester,* 8 Abb. [N. S.], 277; *People* v. *Hillhouse,* 1 Lans., 87; *People* v. *Eddy,* 57 Barb., 593; *People* v. *Soper,* 7 N. Y., 428.) The order of the commissioners is void upon its face because it fails to show proper notice to the Cohoes Co. and the Cohoes L. and C. Co., and because the road passes through the buildings of the latter. (*Miller* v. *Brown,* 56 N. Y., 383; *People* v. *Hinds,* 30 id., 470; *People* v. *Williams,* 36 id., 441; *Stewart* v. *Wallis,* 30 Barb., 344.) Notice should also have been given to the occupants of the land through which the road passed, as well as the owners. (1 R. S., 514, §§ 57, 58, 62; 1 Edm. St., 473, 474; Thomp. on Highways, 166; *Marble* v. *Whitney,* 28 N. Y., 297; *Clark* v. *Phelps,* 4 Cow., 190; *Ex parte Clapper,* 3 Hill, 460; A. & T. on Corp., § 223; *Hoyt* v. *Thompson,* 5 N. Y., 320; *Babcock* v. *Utler,* 1 Abb. Ct. App. Dec., 28; 1 Keyes, 115; *People* v. *Goodwin,* 5 N. Y., 568; 18 How., 70.) The defects in the order of the commissioners could not be supplied by parol, nor could parol evidence be offered to con-

tradict what it set forth. (*Miller* v. *Brown*, 56 N. Y., 383;
*People* v. *Hynds*, 30 id., 470; *People* v. *Williams*, 36 id.,
441; *Stewart* v. *Wallis*, 30 Barb., 343.) A certiorari directed
to the referees was proper. (36 N. Y., 218; 3 Keyes, 35; 1
Seld., 568; 32 Barb., 131; 50 id., 87.) The court must affirm
or reverse the order of the referees and commissioners *in toto*.
(*People* v. *Ferris*, 36 N. Y., 218.)

*R. A. Parmenter* for the respondents. It was the duty of
the referees to decide the matter on the merits. The decision
of the court below is conclusive as to every disputed question
of fact. (*Comrs.* v. *Judges*, 13 Wend., 435; 1 Abb. N. Y.
Dig., 537.) The decision of the referees on the merits is con-
clusive. (*People* v. *Van Alstyne*, 3 Keyes, 35; Thomp. on
Highways, 216, 218; *Lawton* v. *Comrs.*, 2 Cai., 179; *People*
v. *Judges*, 24 Wend., 249.) On certiorari to review the
referees' decision affirming the determination of the com-
missioners laying out the road, no question can be raised as
to irregularities of a jurisdictional character previous to the
commissioners' decision. (*Comrs.* v. *Judges*, 13 Wend., 432;
Thomp. on Highways, 225, 226; *People* v. *Van Alstyne*, 3
Keyes, 35; *People* v. *Wheeler*, 21 N. Y., 84; *People* v.
*Comrs.*, 30 id., 72; 1 R. S. [Edm. ed.], 478, §§ 89–91.) The
verbal consent of Younglove & Co., as proved, was sufficient.
(5 N. Y., 568; 1 R. S. [Edm. 2d ed.], 473, § 58.)

EARL, J. The commissioners of highways made a deter-
mination to lay out the highway in question, and from that
determination Mr. Lansing appealed to the county judge of
Albany county, by whom referees were appointed to hear
the appeal. Upon the hearing before the referees Lansing
sought to assail the order of the commissioners upon the
ground that it was void for want of jurisdiction in them to
make it for various reasons stated. The referees declined
to take any proof showing the want of such jurisdiction,
holding that they were confined to an examination of the
case upon the merits, upon the assumption that the order

appealed from was a valid order, and the sole question for our consideration is whether that was the correct view of their duty.

The Revised Statutes (1 R. S., 518) provide that every person who shall conceive himself aggrieved by any determination of the commissioners of highways, either in laying out, altering or discontinuing, or in refusing to lay out, alter or discontinue any road, may appeal to any three of the judges of the Court of Common Pleas. By the statute of 1847 (chap. 455), the appeal was required to be made to the county judge, by whom referees were to be appointed to hear the appeal; and the same powers and duties before devolved upon the judges were devolved upon them. They are required to proceed upon the appeal as soon as convenient, and to hear the proofs and allegations of the parties. If the order appealed from be affirmed, they have no further duty to perform than to make and file their order of affirmance. But if the appeal be from an order of commissioners refusing to lay out a road, then, in case they reverse the order appealed from, they must proceed and lay out the road applied for, and their decision must remain unaltered for five years.

The statutes do not specify particularly what questions shall be considered by the referees upon the appeal, and their jurisdiction must be ascertained from the spirit and policy of all the laws upon the subject. What was the mischief intended to be provided for by this appeal? Commissioners of highways are local officers who may be influenced by local feeling, private interests and prejudice in the discharge of their duties under the law. But if they act without jurisdiction their action is not binding or conclusive, and any order they make is a mere nullity, affecting no rights. Such orders can be reviewed by common-law certiorari and vacated. (*Lawton* v. *Commissioner of Cambridge*, 2 Caines' Cas., 179; *Commissioners of Warwick* v. *Judges of Orange county*, 13 Wend., 435; *Fitch* v. *Commissioners, etc., of Kirkland*, 22 id., 132; *People* v. *Wheeler*, 21 N. Y., 84; *People* v. *Highway Com-*

*missioners*, 30 id., 72 ; *People* v. *Judges of Suffolk*, 24 Wend., 249.)   In many cases a suit in equity could be maintained to restrain action under such an order for the purpose of preventing a multiplicity of suits or irreparable mischief; and all action under such an order could also be practically prevented by actions of trespass by any one injured.   Hence there were as ample and complete remedies as the law can usually furnish for parties aggrieved by such orders, and a new remedy by appeal was not necessary.   And, besides, an appeal in such a case would be of little practical value, as the decision of the referees affirming a void order could give it no validity.   But where commissioners of highways having jurisdiction acted and exercised their discretion their action would be final and conclusive, unless an appeal were allowed, and it was to have an impartial tribunal of persons not residents of the town to review such action of the commissioners that the appeal was provided for.

In the act " to regulate highways," passed April 8, 1801, there was a provision for appeal from the orders of highway commissioners similar to that contained in all the subsequent statutes ; and as early as the case in 2 Caines (*supra*), decided in 1804, it was said, by Judge Spencer, that the " authority to hear the appeal was confined to the merits alone; the fitness or unfitness of laying out the road," and such was understood to be the opinion of the court ; and yet with this construction put upon the statute, the same provision as to appeals was incorporated into the Revised Laws of 1813, and into the Revised Statutes.   This construction of the law remained unquestioned until the case in 13 Wendell (*supra*), when it was reiterated in a satisfactory opinion by Judge Nelson, concurred in by the whole court.   These cases were unquestioned for many years.   But there are a few recent authorities in the Supreme Court claimed to be in conflict with them.   (*People* v. *Cline*, 23 Barb., 197; *People* v. *Cortelyou*, 36 id., 164; *People* v. *Commissioners of Seward*, 27 id., 94 ; *People* v. *Goodwin*, 5 N. Y., 568 ; *People* v. *Van Alstyne*, 32 Barb., 132.)

In the *People* v. *Cline* the question was directly involved
upon certiorari to review the decision of referees, and it was
held by the General Term of the Supreme Court in the sec-
ond district, that the referees might inquire into the juris-
diction of the commissioners to make the order appealed
from.    But the cases in 2 Caines and 13 Wendell were
not referred to.    In *People* v. *Commissioner of Seward,* the
proceeding was by mandamus to compel highway commis-
sioners to open a highway, and the question involved here
was not in that case.    All that was decided there was, that
the court would not, by mandamus, compel commissioners to
commit a trespass in laying out a road in case the proceed-
ings to lay out the road were void for want of jurisdiction.
The case in 13 Wendell was really not questioned, so far as
concerns the points now under consideration.    The opinion
was written by Judge Hogeboom.    There was an appeal to
the Court of Appeals and the decision was affirmed, the
same judge again writing the opinion.    (30 N. Y., 470.)    In
the opinion in the Court of Appeals nothing was said
about the question involved here, or about the cases in 2
Caines and 13 Wendell; and the affirmance was upon the
sole ground that the order of the commissioners laying
out the road did not show that all the commissioners met.
In *People* v. *Cortelyou* the proceeding was by writ of cer-
tiorari to review the decision of referees in a highway case.
The only point decided was, that the referees have no power
to dismiss the appeal, and refuse to proceed further upon
the ground that the order of the county judge was improvi-
dently or irregularly granted, or that the appellant had no
right to bring an appeal.    It is true that Judge Brown, who
wrote the opinion, and who was one of the judges who made
the decision in *The People* v. *Cline (supra),* expressed the
opinion that the referees had the right to inquire into the
jurisdictional facts laying at the foundation of the whole
proceeding.    Again, there was no reference to the two cases
above referred to.    The case of *People* v. *Van Alstyne* is a
Special Term decision by Judge Hogeboom, made upon a

motion to compel a further return to a common-law writ of certiorari. It was held that the referees must return certain facts showing that the proposed road which the commissioners refused to lay out, and which they had decided to lay out, terminated in a private inclosure or private way, and hence could not become a thoroughfare, upon the idea, since exploded, that a road could not be laid out which did not communicate at each end with some other public road. Again, no allusion was made to the two cases above referred to, and nothing was decided in conflict with them. The object of the motion was to compel the return of facts showing that the referees could not lay the road which they proposed to lay. In *People* v. *Goodwin* the question involved here was not considered. The point decided was, that the parol consent of the owner to the laying out of a road through a building was valid if acted upon by the commissioners before revocation; but if the commissioners refused to lay the road, and the owner subsequently conveyed the land, in good faith, before the laying of the road, the consent was revoked, and the referees, upon a reversal of the determination of the highway commissioners, could not lay the road. These are the only authorities claimed to be favorable to the relator's contention in this case which are sufficiently in point to require any attention, and it will be seen that the authority of the previous cases in 2 Caines and 13 Wendell are but little, if any, shaken.

On the contrary, in the unreported case of *People ex rel. Lansing* v. *Chism,* decided by the General Term of the third district, which involved precisely the same questions involved in this case, Judge HOGEBOOM, who wrote several of the opinions in the cases above referred to, wrote the opinion of the court sustaining the construction placed upon the statutes in 2 Caines and 13 Wendell, and holding that the referees were confined to an examination of the merits upon the hearing of the appeal. In *People* v. *Van Alstyne* (3 Keyes, 37, the same case which was reported 32 Barbour, *supra*), Judge PORTER cited 13 Wendell, with approval; and held

that the jurisdiction of the referees was limited to the consideration of the case upon the merits. In *People ex rel. Odle* v. *Kniskern* (54 N. Y., 52), the point involved here was considered in the two opinions written; and the commissioners were unanimous in holding that the construction put upon the statutes in 2 Caines and 13 Wendell was the correct one, and that the referees were confined in their hearing of the appeal to the consideration of the merits.

I am therefore of opinion, both upon the weight of authority and upon a fair consideration of the objects and purposes of the statutes regulating the laying out of highways, and appeals from the determination of highway commissioners, that, upon such an appeal as was made in this case, it was the duty of the referees to consider only the merits of the case; and that they did not err in refusing to receive evidence assailing the jurisdiction of the commissioners to make the order appealed from. It is unnecessary to determine whether a different rule would apply where the commissioners had made a determination refusing to lay out a highway, and the referees, upon appeal, had reversed such determination. It may be that before they could, in such a case, be required to go further and lay the road they would have the right to inquire into the jurisdictional facts which lay at the foundation of the whole proceeding.

As the referees simply affirmed the order of the highway commissioners laying out the road, the fact that after the road was laid out by the highway commissioners the owners or occupants of some of the land placed buildings upon the route of the road can furnish no obstacle to the opening of the road, and could present no question upon the appeal.

The judgment should be affirmed, with costs.

All concur; Miller, J., not sitting.

Judgment affirmed.