JEREMIAH RECTOR, RESPONDENT, v. EZEKIEL CLARK, JAMES MILLER AND JOHN I. DURRY, APPELLANTS.

*Action for false return — complaint in — what it must contain — Appeal from decision of commissioners of highways — what may be reviewed by referees.*

In an action to recover damages for a false return made to a *certiorari* to review the action of referees, appointed by a county judge to review the decision of commissioners of highways altering a highway, the complaint must allege that the particulars in regard to which the return was false were material and induced the General Term to affirm the proceedings of the referees.

Where an appeal is taken from the decision of commissioners of highways altering and discontinuing portions of a highway, to referees appointed by a county judge, in pursuance of section 8 of chapter 455 of 1847, the appellant must specify in his notice of appeal the grounds upon which it is taken; and the referees can consider none others than those so specified.

Upon such an appeal, the referees cannot inquire into the jurisdiction of the commissioners, but must assume the order appealed from to be a valid one; and are confined to an examination as to the necessity and propriety of the order upon its merits.

*People ex rel. Hubbard* v. *Harris* (63 N. Y., 391) followed.

*Commissioners* v. *Merserole* (10 Wend., 122) and *Commissioners* v. *Judge of Putnam County* (7 Wend., 264) criticised and distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The defendants were appointed referees to hear an appeal from an order of the commissioner of highways, in and for the town of Benton, Yates county, wherein the plaintiff was appellant. The referees affirmed the order of said commissioners. A writ of *certiorari* was granted by this court, to which the referees made return. This court approved of the proceedings of said referees and quashed said writ. The plaintiff thereafter brought this action, alleging that the return to said writ was false, and that by reason thereof he had sustained damages. A trial was had before Justice RUMSEY and a jury, and a verdict rendered for the plaintiff; a case with exceptions was made, and a hearing thereon had before Justice RUMSEY upon a motion for a new trial. The motion was denied, and the judgment appealed from was entered.

*Morris & Leary*, for the appellants. The appeal must specify the grounds thereof, and the referees are confined in their hearing to these, as is a court on a trial to the allegations in a complaint. (2 R. S. [2d ed.], § 86, p. 478; *Comrs. of Warwick* v. *Judges of*, etc., 13 Wend., 432; *People* v. *Harris*, 63 N. Y., 391.)

*Charles Baker*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment entered for the plaintiff on a verdict at the Yates County Circuit.

The action is to recover damages for a false return made by the appellants to a writ of *certiorari* issued out of this court and directed to the town clerk of the town of Benton, in Yates county, and to the defendants as referees appointed by the county judge of Yates county, on the appeal of the plaintiff from the decision of

the commissioner of highways of said town, ordering the alteration of a highway. The alleged falsity of the return in question consists in this, that the referees returned that they adjourned the hearing from the eleventh to the thirteenth of December. That on that day (the thirteenth) the plaintiff was present at the adjourned hearing and that the counsel for those who appealed from the determination of the commissioners, declared at the hearing on the eleventh, that if the referees should decide that they were not empowered to hear the objection to the jurisdiction of the commissioner of highways, then, that the appellant from his decision, did not wish to introduce any evidence. On all these questions, the evidence was conflicting and was properly left to the consideration of the jury, and they have found that the return was false in one or all of the particulars charged.

On this appeal, the appellants' counsel claims that there is not a sufficient cause of action set forth in the complaint, but that the same is defective in this, to wit: that it is not alleged, that the particulars in regard to which the return was false, were material, and induced the court at General Term to affirm the proceedings of the referees. This question is raised by an objection to the introduction of the evidence of the affirmance of the proceedings by the General Term and upon a motion for a nonsuit.

It is unquestionably true, that in an action for a false return, it must be shown, that the party bringing the action has sustained damages by reason of the falsity of the return, as the mere falsity of the return is not actionable unless the party complaining has been injured by such falsity.

Accordingly, it has been held that the plaintiff, in order to maintain an action, must show that he sustained injury by reason of the falsity of the return, and that for a false return upon immaterial points, no action lies. (*Ford* v. *Smith*, 1 Wend., 48; *Millard* v. *Jenkins*, 9 Wend., 301.) The complaint however contains the general averment, that by reason of the specified wrongful acts of the defendant, the plaintiff sustained divers special damages. The obvious mode of taking the objection referred to, was by a demurrer to the complaint and doubtless the defect was one which was amendable.

Though strictly speaking, the defendant perhaps had a right to

take the objection on the trial, on the ground that the complaint did not, in consequence of this omission, set forth a cause of action, and we agree with the justice before whom the cause was tried, that an amendment should be ordered to supply the defect, by reason of the omission to allege that the matters falsely returned were material to the disposition of the case on the return to the *certiorari*, and also, that the court before which the *certiorari* was returnable did quash the *certiorari*.

The defendants, however, present another point subsidiary to the former, to wit., that the *certiorari* must have been quashed because the grounds of the appeal from the order of the commissioner of highways did not present any question on which the referees could act, and therefore, that they necessarily affirmed the decision of the commissioner, and that the writ of *certiorari* must inevitably have been quashed by the General Term, for this reason. The Revised Statutes in the case of an appeal from the determination of a commissioner of highways in the laying out, altering or discontinuing any highway, provide that the appeal to the county judge should be in writing, and should briefly state the ground on which it is made, and whether the appeal is brought to reverse entirely the determination of the commissioner or only to reverse a part thereof, and in the latter case it shall specify what part (1 R. S., 518, § 86), and it is insisted by the defendants, that this provision is applicable under section 8, of the Laws of 1847, chapter 455, and that the appellant is confined to the grounds of appeal stated in the notice.

We think this view is correct, and that the statute requiring the grounds of the appeal to be set forth, is in force and applies where the referees are appointed to decide upon the appeal under the act of 1847. The grounds of the appeal stated in this case were calculated only to raise questions as to the jurisdiction of the commissioner of highways to lay out or alter this highway. The application to the commissioner was to have a "survey of the road running from Cronk's Corners west to Potter." The commissioner came to the conclusion that the said road should be altered, and accordingly altered it as stated in his order, and discontinued such parts of the road as were not embraced within the limits of the road as altered.

In the appeal from this order the appellant states : the ground upon which this appeal is made is, " that the said order is unlawful and erroneous, for the reasons following, among others: First. That no highway had been laid out or recorded over or upon any part of the land included in the bounds of the highway described in said order. Second. That the highway as thus laid out embraced a part of the appellant's garden, cultivated as such for more than four years before such laying out, and a part of his yards and inclosures, and was laid out without the consent of the appellant, and there was no certificate of freeholders that such highway is necessary and proper. These grounds of appeal are all of them matters which go to the jurisdiction of the commissioner and his right and power to alter the highway in the manner proposed.

These are not questions which can be considered by referees appointed by the county judge, but are to be reached by a *certiorari* to the commissioner of highways — bringing up the proceedings before him — an appeal to the county judge for the appointment of referees when the commissioner has determined to lay out or alter the course of a highway, only lies for a re-examination of the merits of the proposed laying out, or alteration, that is to say : the referees only have the power to consider and determine whether the highway as proposed to be laid out or altered, is necessary and proper. This subject has recently undergone a full examination by the Court of Appeals, in the *People ex rel., Hubbard et al.* v. *William B. Harris et al.* (63 N. Y., 391), in which the doubts upon this question, growing out of the apparently conflicting decisions in former cases, have been put at rest, and in which it was settled that upon a hearing before the referees, the order laying out the road must be assumed to be a valid order, and that the referees are confined to an examination upon the merits.

We are aware that there have been two cases decided by the old Supreme Court, which, if they are to be followed, go far to abrogate the provisions of the statute, which requires the party to such an appeal to state in writing the grounds of the appeal, etc. In *The Commissioners of Bushwick* v. *Meserole* (10 Wend., 122), where the only ground stated was, that the proposed highway was *illegal*, and it was held to be a sufficient statement of the grounds of the appeal, and in *The Commissioners of Carmel* v. *The Judges*

of Putnam County (7 Wend., 264), where it was held that the appended statement to the proceedings, "I do hereby appeal from the decision of the commissioners of highways," was held to be sufficient.

But these cases seem pro tanto to abrogate the statute, and if to be followed at all should not be extended to other cases. In this case, the appellant has formally set forth the grounds of his appeal, according to the provisions of the statute, and in such case, we think the referees cannot consider any other questions than those presented by the written appeal.

The statute evidently contemplates that an appeal to referees is solely to enable the appellant to have the judgment and opinion of three disinterested freeholders, to be selected by the county judge, upon the necessity and propriety of the road in place of the determination of the commissioner. The tribunal is not one calculated for the examination and determination of questions of jurisdiction or of law, and its office is, therefore, confined to the exercise of its judgment and common sense, about matters in respect to which it is presumed to be competent. (People ex rel. Hubbard v. Harris, supra.)

We think, therefore, that it was apparent that the plaintiff in this action could have sustained no damage from the allegations of the return to the certiorari, admitting them to have been false in the particulars claimed, because the appeal presented no questions which the referees could investigate, and the action of the referees in affirming the determination of the commissioner must necessarily have been affirmed and the certiorari to remove the proceedings quashed, at all events, and without regard to the matters in which, as is alleged, the return is false. (See Ford v. Smith and Millard v. Jenkins, supra.)

If this conclusion is correct, it leads to a reversal of the judgment rendered in the case.

Judgment reversed, new trial ordered, costs to abide the event.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Ordered accordingly.