Jeremiah Rector, Appellant, *v.* Ezekiel Clark et al., Respondents.

Under the provision of the statute regulating appeals from decisions of commissioners of highways, altering or discontinuing highways (1 R. S., 518, § 86), a notice of appeal, specifying that the order of the commissioners is unlawful and erroneous, is sufficient to give the county judge jurisdiction to appoint referees; it is not necessary to state all or any of the reasons tending to show the order to be erroneous or illegal.

*It seems,* that if reasons are assigned, the appellant is not confined to them on the hearing before the referees.

Upon such hearing the appellant cannot attack the regularity of the proceedings before the commissioners.

The appeal is in the nature of a new proceeding; the referees do not sit in review of the evidence or proceedings before the commissioners, but proceed to a hearing *de novo,* and the case is to be heard upon facts existing at the time the hearing is had.

A notice of appeal stated, as the ground upon which the appeal was made, that the determination and order of the commissioners was "unlawful and erroneous for the reasons following, among others:" The reasons assigned were: 1st. That the alleged highway was never laid out or recorded.   2d. That to widen it would take a strip of the appellant's garden or door-yard necessary to the use and enjoyment of his dwelling-house.   3d. That no certificate of freeholders had been obtained. *Held,* that if the general allegation of error was not sufficient, the reasons specified were amply sufficient to confer jurisdiction.

The distinction between such appeals and those from justices' judgments pointed out.

In an action against referees, appointed on appeal from a decision of highway commissioners, for making a false return to a writ of *certiorari,* the complaint, after reciting the facts, to wit, that the plaintiff was not notified of the meeting before the referees, and so was deprived of an opportunity to be heard, while the return falsely stated that plaintiff consented that the referees might decide without a hearing, and waived the right to introduce evidence, alleged that by reason of the premises plaintiff sustained injury in various amounts; among others, the costs

and expenses recovered against and incurred by plaintiff. It was not alleged that the certiorari was quashed in consequence of the falsity of the return ; upon the face of the return as made no error appeared in the proceedings before the referees. *Held,* that the complaint was sufficient, especially as the defendants elected to join issue and go to trial instead of demurring, and as the omission to allege that the false return caused the quashing of the writ was not pointed out on the trial.

Defendants moved for a nonsuit, on the ground that it was not shown that the false return caused the quashing of the writ. The motion was denied, and plaintiff obtained judgment for his costs and expenses in the *certiorari* proceedings. The General Term reversed the judgment on the ground that the notice of appeal, which was as above stated, was defective in not stating sufficient grounds ; that the writ must have been quashed upon this ground, and so that the false return did no injury. *Held,* error; that there being no ground of error on the return as made, and the court having quashed the writ, the legal inference was that the decision was made upon the return ; that it could not be presumed that the writ was quashed because of the alleged defect in the notice, as such a decision would have been erroneous; but even if the decision was based upon the alleged defect, the false return was injurious, as an appeal would not have benefited plaintiff for the reason that the decision quashing the writ must have been sustained upon the merits ; that plaintiff had a legal right to a hearing before the referees, and if the return had been true would have been entitled to a reversal ; and plaintiff at least sustained damages to the amount recovered.

*Millard* v. *Jenkins* (9 Wend., 298), distinguished.

*It seems,* that had it appeared that the same result would have been legally reached in the *certiorari* proceedings, if a true return had been made, the action could not be maintained.

*Rector* v. *Clark* (12 Hun, 189), reversed.

(Argued May 26, 1879 ; decided September 16, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and granting a new trial. (Reported below, 12 Hun, 189.)

The nature of the action and the facts appear sufficiently in the opinion.

*Charles S. Baker,* for appellant. It was not necessary for plaintiff to state the grounds of his appeal in his notice. (3 Edm. Stat. at L., 314, §§ 8, 9; 1 R. S. [Edm. ed.], 477, §§ 84–89; *People* v. *Goodwin,* 5 N. Y., 568, 573; *Lawton* v. *Com'rs,* 2 Cai. Cas., 179; *Com'rs* v. *Judges,* 13 Wend., 435;

*People ex rel. Hubbard* v. *Harris,* 63 N. Y., 391, 394, 395;
*Com'rs* v. *Messerole,* 10 Wend., 122; *Com'rs* v. *Judges,* 7
id., 264; *People ex rel. Walker* v. *Baker,* 19 Barb., 240;
*People ex rel. Babcock* v. *Com'rs,* 8 N. Y., 476; *Crannell*
v. *Comstock,* 12 Hun, 293, 294; *Tate* v. *Jordan,* 3 Abb.
[Pa. R.], 392, 394; *Brennan* v. *Mayor, etc.,* 47 How. Pr.,
178; *People ex rel. Odle* v. *Kniskern,* 54 N. Y., 52; *People*
v. *Com'rs of Highways,* 8 id., 476; *Walsh* v. *Wash. Ins. Co.,*
32 id., 427, 440, 441.)

*D. Morris,* for respondents.

CHURCH, Ch. J.   This is an action to recover damages
for making a false return to a writ of *certiorari* issued by the
Supreme Court, to the defendants who had been appointed
referees by a county judge upon an appeal from the order
of a highway commissioner altering a highway.

Questions respecting the laying out, altering, or discon-
tinuing highways, usually create local interest and conten-
tion far beyond their intrinsic importance.   Although the
amount involved is far below the standard of appealability,
as the General Term has certified that there are questions of
law which ought to be decided by this court, we are obliged
to examine, consider, and determine them.   With the facts,
we have no concern.   The evidence was fairly submitted to
the jury, and their decision upon the facts is conclusive upon
this court, even though we might draw different conclusions
from those arrived at by the jury.   The recovery was for
the amount of costs paid by the plaintiff in consequence of
the decision of the Supreme Court quashing the *certiorari*
by reason, as it is alleged, of the falsity of the return.

The most important question presented, and the one upon
which the General Term reversed the judgment, is that the
alleged falsity was not material, and that the court must
have quashed the *certiorari* if the return had truly stated the
facts.   A brief statement is necessary in order to understand
the precise point.   The referees met on the eleventh of

December, and all the parties' were present. A question
arose whether it was competent for the referees to review
the legality or regularity of the proceedings of the commis-
·sioner, and the referees desired further time to consider that
question. The plaintiff alleges that the proceedings were
adjourned indefinitely, with the understanding that he and
others interested were to have notice of the time and place
of hearing. The amended return in substance stated that
the hearing was adjourned to the thirteenth of December,
that the referees did meet on that day, and that the parties
and their counsel were present ; that, at the meeting on the
eleventh, the counsel for the plaintiff stated that if the
referees decided that they had no power to review the pro-
ceedings before the commissioner, he did not desire to
introduce any evidence, and in effect consented, in the event
of such a decision, that the order might be made without
further hearing, and that on the sixteenth of December such
decision was made, and the order affirming the order of the
commissioner was also made. The General Term held that
the appeal to the county judge was ineffectual, for the reason
that, in the notice of appeal, no grounds of appeal which the
referees could hear were stated, and therefore that the *cer-
tiorari* must for that reason have been quashed, even if the
return had been true.

With great respect, we think that this conclusion of the
General Term was erroneous.

The statute provides that " every such appeal shall be in
writing addressed to the judges, and signed by the party
appealing. It shall briefly state the ground upon which it
is made, and whether it is brought to reverse entirely the
determination of the commissioners, or only to reverse a
part," etc. (1 R. S., 518, § 86.) The notice in this case
was in writing, signed by the party, and, after reciting
the order of the commissioner, stated that the party
appealed therefrom ; and "the ground upon which this
appeal is made, is that said determination and order is
unlawful and erroneous for the reasons following among

others." The reasons specified were : First, that the alleged highway was never laid out or recorded. Second, that to widen the highway, a narrow triangular slip was taken from the appellant's farm, which was used as a part of his garden and door-yard to his dwelling-house, and " necessary to the use and enjoyment thereof," and another portion was a part of his barn-yard  Third, that no certificate of freeholders had been obtained. We think that this notice was sufficient to give the county judge jurisdiction to appoint the referees. The statute does not require that all the reasons or any of them tending to show the original order erroneous or illegal should be stated. It only requires the " ground " to be briefly specified. In this case the commissioner had altered a highway by widening it, and the " ground " that his order was *erroneous*, was a sufficient specification under the statute. It necessarily involved the merits of the action of the commissioner. He decided to alter the highway. The appellant alleged that such decision was erroneous, thereby taking issue upon the propriety of the alteration. He need not assign any reasons, or if he does he is not confined to them on the hearing before the referees. He may use any arguments or show any reasons why the alteration should not be made, or in other words show that the order was erroneous, and ought not to have been made. He may not attack the regularity of the proceeding before the commissioner, but upon the merits he is not confined to reasons which may have been specified. If the notice was sufficient to confer jurisdiction upon the county judge to appoint the referees, the proceeding is then governed by the statute. The duties of the referees are prescribed. They proceed to a hearing *de novo*, they are required to hear the proofs and allegations of the parties, and render their decision upon what appears before them, and they do not sit in review of the evidence or proceedings before the commissioner. (§ 89.) The appeal is in the nature of a new proceeding and is to be heard upon facts existing at the time the hearing is had. (*People* v. *Goodwin*,

5 N. Y., 568, 573.) The whole merits are before the referees, and the fitness, or unfitness of the alteration is the question to be determined. (*People* v. *Harris*, 63 N. Y., 391.) But if the general allegation of error was not sufficient, the specified reasons were ample to confer jurisdiction, and were appropriate to be considered. The fact that the appellant's premises would be badly injured by taking a portion of his garden and door-yard, and a part of his barnyard was proper to be considered upon the general merits, aside from the question of power to appropriate them for the purposes of a highway, and the appellant would not be limited in presenting this fact, to the legal question of power, but would be at liberty to use it also upon the question of propriety, even assuming that the referees could not consider the legal right to take the property for highway purposes.

We do not deem it necessary to discuss the extent of the power of referees upon such a hearing. That question is not necessarily involved. As to the sufficiency of notice the only authorities cited uphold the proceedings, and the notices were far less specific than in this case.

In *Com'rs of Carmel* v. *Judges of Putnam* (7 Wend., 264), the notice of appeal was indorsed upon the decision of the commissioners without any specific ground or reason being stated, and it was held sufficient. The appeal was from an order refusing to lay out a road, and Nelson, J., said: "The appeal from the determination of the commissioners was equivalent to saying that the road was necessary and proper, and therefore a sufficient compliance with the act."

In *Com'rs of Bushwick* v. *Meserole* (10 Wend., 123), the opinion was expressed although the point was not essential to the decision that an appeal stating that the proceedings of the commissioners were illegal was sufficient. These decisions were made at a comparatively early day, and have not, as I am aware, been questioned, and whatever doubt we might entertain of their correctness, if such a question had been presented as an original one, we should scarcely feel at

liberty to overrule them, after they have been acquiesced in and acted upon for so long a period.    The rule adopted in these cases is, it must be confessed, a very liberal one, but the subject relates to a practical matter of local concern, in which the proceedings are not necessarily prepared by professional men, and in respect to which, technical rules should not be applied.    It is sufficient if the substantial provisions of the statute are complied with.    We have been referred to a class of cases upon *certiorari* from justices' judgments before the Code, and on appeal from such judgments upon questions of law under the Code, in which it is held that the grounds of error or appeal must be stated with particularity, but they have no application to the question involved here. In those cases the court sits in review and upon questions of law only, and the reason given why the points should be specified, is, that the attention of the justice should be directed to the precise grounds of error alleged in order that he may make a full return in respect to them, and to apprize the opposite party of what he is to meet, and also that the court may see whether any substantial point is involved. The Supreme Court have therefore adopted a rule of construction in these cases which I think very proper, requiring the points to be specified in a similar manner, as is required in bills of exceptions.    The appeals are in the nature of proposed bills of exceptions.    There is scarcely an analogy between those cases and this proceeding.    Here the question is one of fact: Ought the highway to be laid out or discontinued, or altered ? and when the commissioner makes a decision, which is alleged to be erroneous, the issue is made upon its propriety, and it is difficult to find any practical reason for encumbering the proceeding with a specification of the particular argument against it.    It is a new hearing and in no legal sense a review.    But upon any construction, we think this notice of appeal was a sufficient compliance with the statute.

It is insisted that it was not alleged in the complaint, nor proved upon the trial that the certiorari was quashed in con-

sequence of the falsity of the return. The complaint does not in terms allege that the certiorari was quashed by reason of the false return. After reciting the facts, and that the return was false, it alleges that by reason of the premises the plaintiff had sustained injury in various amounts, and among others for costs and expenses paid. We think these allegations sufficient, especially when the party elects to join issue, and go to trial, instead of demurring. An objection that a complaint does not state a cause of action may be available, even though the evidence is sufficient, provided the party properly makes the point when the evidence is offered. The objection was general that the plaintiff could not give evidence of damages under the complaint. The defect was not pointed out. If it had been, and the complaint was defective, it might have been amended. The objection was specifically made on a motion for nonsuit, but the evidence was then in and the court had a right to decide the motion upon all the evidence. But this is not very important, as it is urged that the evidence was not sufficient to warrant a verdict on the ground that it was not shown that the false return caused the quashing of the writ, and this point was distinctly taken on the motion for a nonsuit. Upon the face of the return as made, no error appeared in the proceeding before the referees, because if the plaintiff consented that the referees might decide without a hearing, and waived the right to introduce evidence, he had no cause of complaint, and the quashing of the writ followed as a legal result. The presumption is that such was the fact. There being no ground of error, upon the return as made, and the court having quashed the writ, the inference is that the decision was made upon the return. This inference is a legal one. It cannot be presumed that the court quashed the writ upon the ground of the defective notice of appeal, because, as we have seen, such a decision would have been erroneous; and this presumption cannot be indulged, although the same court in this action subsequently so decided. But if that was the ground of decision, an appeal

would have been insufficient to benefit the plaintiff, for the reason that the decision must have been sustained upon the merits. The point is also made that the plaintiff did not show that he was injured, and it is argued that it was necessary to prove that he might have procured a reversal of the order of the commissioner. The mere falsity of a return is not sufficient to maintain an action. The party must prove that he has been injured. The plaintiff had a legal right, secured by statute, to a hearing before the referees. If the return had been true he would have been entitled to a reversal of the proceedings, and would have secured a hearing. It appears in the case that he had witnesses whom he desired to introduce, and he had a legal right to make "allegations" and arguments before the referees, and have his proofs and allegations considered. This right he lost by the false return, and he sustained damages at least to the amount which he recovered, being for costs and expenses actually paid in prosecuting the *certiorari*.

The case of *Millard* v. *Jenkins* (9 Wend., 298), cited by counsel, is not quite analogous. There a writ of *certiorari* was quashed by reason of an alleged false return as to the time of rendering judgment. In an action for the false return the court held that, as it did not appear that there was any error in the judgment, it might have been affirmed, which would have caused the plaintiff as much damage as the quashing of the writ and, therefore, that it did not appear that such quashing produced injury. This point would have been available if it appeared in this case that there was any other ground except the merits, as shown by the return as made, upon which the writ of *certiorari* could have been lawfully quashed. If it could, then the objection, that it did not appear that it was on account of the false return, would have force. No such point appears, and we cannot assume that the court decided erroneously on some other ground. If the same result would have been legally reached if the return had truly stated the facts, the action could not be maintained. (*Ford* v. *Smith*, 1 Wend., 50.)

This not only does not appear, but the legal inference is the other way.

The order of the General Term must be reversed, and judgment entered upon verdict affirmed.

All concur.

Order reversed and judgment affirmed.