BEARDSLEE *et al. v.* DOLGE.

(*Supreme Court, General Term, Fourth Department.* September, 1892.)

CERTIORARI—ACTION FOR FALSE RETURN.

In an action for an alleged false return to a *certiorari* issued to review the proceedings of a highway commissioner, a judgment for plaintiffs will be reversed, where it appears that the portion objected to was intended as a statement by defendant of his holding as a commissioner, and not as an independent assertion of a fact, and, further, where the return seems to indicate that the statement did not originate in it, but was contained in defendant's certificate of the proceedings made, at the time the matter was before him.

Appeal from circuit court, Herkimer county.

Action by Helen C. Beardslee and Guy R. Beardslee against Henry A. Dolge for an alleged false return to a writ of *certiorari.* From a judgment entered on a verdict for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*C. J. Palmer,* for appellant. *Charles E. Snyder,* for respondents.

MARTIN, J.　This action was to recover damages for a false return to a *certiorari*, issued out of the supreme court, to review proceedings of the defendant as a commissioner of highways of the town of Manheim, N. Y., in laying out or altering a highway in that town. The alleged falsity of the return consisted in the statement contained therein "that none of said alteration and highway proposed passes through the buildings or barnyards of Helen C. Beardslee and Guy R. Beardslee, nor do they pass through any yards of the said Beardslees." The return of the defendant discloses that one of the questions raised before him as commissioner of highways was whether any portion of the contemplated highway was laid out through the plaintiffs' barnyard. Upon that question evidence was given before the defendant, and the premises were viewed by the defendant and by the jury that was summoned to certify as to the necessity for such alteration or highway. The defendant, as such commissioner, determined that the proposed highway did not run through any such yard. This is shown both by his denial of the plaintiffs' motion to dismiss the proceedings on that ground, and by his determination to make the contemplated alteration or lay out the contemplated highway. The return shows that the defendant denied the plaintiffs' motion to dismiss the proceedings on the express ground "that the survey shows that the proposed alteration passes over the top of the clay bank, and not through any yard or buildings." On the return of the writ to the general term, that court held that the hearing should be had on the writ and return. In the opinion delivered by that court it is said: "The relators further claim that the action of the commissioner should be reversed because the proposed road runs through the barnyard, etc., of the relators. The language of the return is an answer to such claim. It says ' that none of said alteration and highway passes through the buildings or barnyard' of the relators, ' nor do they pass through any yard of the said Beardslees.' Again, the motion to dismiss the proceedings on that ground was denied, ' for the reason that the survey shows that the proposed alteration passes over the top of the clay bank, and not through any barnyard or buildings.' The hearing must be upon the writ and return, (*People* v. *Dains*, 38 Hun, 43,) and the court will not review facts stated in the return where they are founded upon personal inspection and individual knowledge of the locality, because such personal inspection and knowledge cannot be recorded and reproduced. No appellate court can intelligently and fairly review a decision upon facts so ascertained. *People* v. *McCarthy*, 102 N. Y. 643, 8 N. E. Rep. 85. The commissioners and jurors personally inspected and went over the proposed road, and it is certified, after such inspection, that it did not pass through any barnyard or buildings. We must accept such determination as true, while there is little in the evidence of Mr. Beardslee to overthrow it."

The opinion discloses, we think, that the general term affirmed the proceedings of the commissioner so far as the the question now under consideration was concerned, because it appeared by the return that the commissioner and jury had decided that the proposed highway did not pass through the plaintiffs' yard, and it would not review the facts as found, as the finding was based upon the personal inspection and individual knowledge of the commissioner and jury. That the defendant, as commissioner of highways, upon the presentation of the question to him, and after taking evidence and viewing the premises, concluded that the proposed alteration or highway did not run through any yard that was necessary to the use and enjoyment of the plaintiffs' barn, is clearly shown by the defendant's return to the writ of *certiorari*, independent of that portion which the plaintiffs now claim was false. When that portion of the return claimed to be false is read in the light of the other facts stated therein, and of the determination actually made by the defendant, can it be fairly construed as more than a statement by him that in the proceedings before him, as commissioner, he held that the contem-

plated highway did not run through any such yard? Was it the intent and purpose of the defendant to do more than comply with the requirements of the writ, — to return the proceedings had on the application to lay out the highway with all things pertaining thereto? We are disposed to think that a fair construction of the whole return requires us to hold that the portion under consideration was intended as, and was in effect, an assertion or statement by the defendant that he, as commissioner, so held, and was not intended as, and was not, an independent statement in the return that such was the fact. If, however, this is not the proper construction of the return, and the portion claimed to be false was an independent statement by the defendant of a fact, disconnected with the proceedings before him as commissioner, then it was irrelevant, and should have been disregarded. *Stone* v. *Mayor, etc.,* 25 Wend. 168; *People* v. *Mayor, etc.,* 2 Hill, 9; *People* v. *Schellenger,* (Sup.) 10 N. Y. Supp. 947. Again, it is quite manifest that the proceedings were affirmed by the general term on the ground that, after an inspection of the premises by him, the commissioner held that the proposed road did not pass through the plaintiffs' barnyard, and not because of any independent assertion in the return of that fact, disconnected with his action as commissioner. It is therefore quite manifest that the general term and court of appeals must have reached the same conclusion, if the portion of the return under consideration had not been inserted therein. If so, the plaintiffs should not have recovered in this case. *Ford* v. *Smith,* 1 Wend. 48; *Millard* v. *Jenkins,* 9 Wend. 298; *Rector* v. *Clark,* 12 Hun, 189, 78 N. Y. 21.

It was contended on the trial, and in discussing this question we have thus far assumed, that the statement under consideration was one originating in the return. But, when we examine the return carefully, we are led to doubt the correctness of that contention, as the return seems to indicate that that statement did not originate in the return, but was contained in the defendant's certificate of the proceedings had and findings made by him as such commissioner at the time the matter was before him. This seems to have been the view of the general term. If the statement complained of was contained in a certificate made by the commissioner at that time, then it follows that the return subsequently made by the defendant was not false, as it correctly returned the the proceedings had before him as commissioner. A careful examination of the evidence and proceedings in this case leads us to the conclusion that the plaintiffs were not entitled to recover in this action, and that the judgment should be reversed. Judgment and order reversed, and a new trial granted, with costs to abide the event.