THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BAILEY and others, Respondents, v. IRA E. SHERMAN, SLUMAN L. WATTLES and WILLIAM McCLELLAND, Appellants.

*Referees to hear an appeal from an order of commissioners of highways — cannot question the jurisdiction of the commissioners — Evidence receivable by — Decision by two of the referees — when valid — not reviewable — Referees cannot be charged personally with the costs of reviewing their decision.*

Referees appointed to hear an appeal from an order, made by commissioners of highways, discontinuing a highway, cannot pass upon the question of the jurisdiction of the commissioners to make such order, but are confined to an examination of the case upon the merits.

The discontinuance of the highway was objected to by some because another road, which was claimed by others to have rendered the highway in question unnecessary, had upon it a steep hill. Upon the hearing, a paper, signed by the owner of the land upon which the hill was, consenting to allow the road to run through his orchard, if the road in question was closed, was received in evidence.

*Semble*, that it was competent, as it tended to show that the objection made, on account of the hill, could be obviated.

The decision of the referees, or that of any two of them, is final, and is not subject to review either by *certiorari* or appeal.

A decision made by two referees, the other being present, is valid.

Referees are not county officers within the meaning of section 6 of 1 R. S., 384, and can in no event be personally charged with the costs of a *certiorari* issued to them to review their decision.

APPEAL from an order made at a Special Term, and the judgment entered thereon, reversing the determination of the defendants, as referees appointed to hear an appeal from an order of the commissioners of highways of the town of Masonville, Delaware county, discontinuing a highway, and allowing costs against the referees.

*I. H. Maynard*, for the appellants. Referees hear the matter *de novo*, and have no authority to inquire into the regularity of the proceedings anterior to their appointment, or to pass upon the question of the jurisdiction of the commissioners to make the order, but are confined to an examination of the case upon the merits, upon the assumption that the order is valid. (*Lawton* v. *Com'rs*, 2 Caines' Cas., 179; *Com'rs* v. *Judges*, 13 Wend., 435; *People* v. *Van Alstyne*, 3 Keyes, 35; *People* v. *Harris*, 63 N. Y.,

391; *Rector* v. *Clark*, 12 Hun, 189; 2 S. C. [Thomp. & Cook], 140.) Whether the admission of evidence was error or not, the question cannot be reviewed here. The office of the writ of *certiorari*, in cases like the present, is merely to bring up the record of the proceedings to enable the Supreme Court to determine whether the inferior court has proceeded within its jurisdiction, and not to correct mere errors in the course of the proceedings. (*Birdsall* v. *Phillips*, 17 Wend., 464; *Prindle* v. *Anderson*, 19 id., 391; *The People* v. *Van Alstyne*, 21 Barb., 132; affirmed, 3 Keyes, 35; *The People* v. *Goodwin*, 5 N. Y., 568; *The People* v. *Com'rs, etc.*, 30 id., 72; *The People* v. *Betts*, 55 id., 600.) Costs should not have been allowed against the referees. They were acting as a judicial tribunal; their good faith is unquestioned. If costs were allowable at all, they were in the discretion of the court, and it was an abuse of discretion to charge the referees personally with costs. (*The People* v. *Board of Police*, 39 N. Y., 506; *The People* v. *Van Alstyne*, 3 Keyes, 35; *The People* v. *Robinson*, 22 How., 345; *The People* v. *O'Brien*, 6 Abb. [N. S.], 63; *The People* v. *Fuller*, 40 How., 26; Old Code, § 318.)

*Wm. Youmans*, for the respondents. The admission in evidence by the referees of the "proposition" of Warren G. Willis was such an error as called for a reversal of their adjudication. The *certiorari* brought up this question for review. Contrary to the rule which formerly prevailed, it is now well settled in this State that under a common-law *certiorari*, the court of review is not confined in its investigation to questions of jurisdiction alone, but that it is its duty to also examine the evidence to ascertain whether there was any competent proof of the facts necessary to authorize the adjudication made, and whether, in making it, any rule of law affecting the rights of the parties has been violated. (*People* v. *Smith*, 45 N. Y., 776; *People* v. *Board of Police*, 39 id., 506; *People* v. *Assessors*, 40 id., 154; *Mullins* v. *People*, 24 id., 404; *People* v. *Sanders*, 3 Hun, 16; *People* v. *Eddy*, 57 Barb., 593; *People* v. *Supervisors*, 8 Abb. [N. S.], 277; *People* v. *Hillhouse*, 1 Lans., 87; *People* v. *Board of Police*, 6 Hun, 229; *People* v. *Howland*, 61 Barb., 273; *People* v. *Kniskern*, 54 N. Y., 52.)

Costs were properly awarded against the defendants by the court below. There was formerly considerable diversity of opinion as to whether any costs were allowable on a common-law *certiorari;* it seems now to be well-settled that such costs may be awarded. (*People* v. *Fuller*, 40 How. Pr., 35; *People* v. *Van Alstyne*, 3 Abb. Ct. App., Dec., 575; 5 Wait's Sup. Ct. Pr., 482, 483; *People* v. *Cassidy*, 46 N. Y., 46, 57; *People* v. *Barker*, 48 id., 70, 74; *People* v. *Trustees*, id., 390, 398; *People* v. *Rochester*, 54 id., 507.) And the right of the prevailing party to costs, as against referees and commissioners in highway proceedings, has been repeatedly recognized by the courts. (*People* v. *Commissioners*, 27 How. Pr., 158; *People* v. *Flake*, 14 id., 527; *People* v. *Kniskern*, 54 id., 52.) The judgment as to costs was proper in form. In some cases of this general character the courts have, in awarding costs, directed them to be paid by tax on the town where the controversy arose (*People* v. *Flake*, 14 How. Pr., 527; *People* v. *Commissioners*, 27 id., 158); while in others the direction has been general against the defendants, as in similar proceedings against individuals. (*People* v. *Kniskern*, 54 N. Y., 52; *People* v. *Williams*, 36 id., 441.) But if there was any formal error in entering the judgment against the defendants personally, without any direction to collect it from the town or county, it was a defect which should have been taken advantage of by motion, and does not constitute a ground of appeal. (*Ingersoll* v. *Bostwick*, 22 N. Y., 425; *Johnson* v. *Carnley*, 10 id., 570; *Witherhead* v. *Allen*, 28 Barb., 661.)

WESTBROOK, J.:

On September 28, 1875, the commissioners of highways of the town of Masonville, of Delaware county, made an order discontinuing a highway in that town. On September 29, 1875, Charles V. Bailey and five others appealed to the county judge of Delaware county, who appointed the above-named appellants referees to hear the appeal. Such referees, on the 29th day of January, 1876, made an order affirming the action of the commissioners in discontinuing the road. On the 28th of March, 1876, the relators sued out a *certiorari* from the Supreme Court to review the decision of the referees. That court, at Special Term,

reversed the order and determination of the referees, and charged them personally with costs. Judgment was perfected upon the *certiorari* proceedings, and thereby costs against the referees were awarded to the amount of $153.28, and execution therefor allowed. From the order and judgment of the Special Term, this appeal is taken both by the original applicant for the discontinuance of the road and the referees.

Upon what ground the proceedings before the referees were reversed the papers do not inform us, and we are, therefore, compelled to look at the points submitted by the respondents to sustain the order and judgment of the Special Term. Several of those points relate to the original proceedings before the commissioners of highways. Without alluding to them in detail, it is a sufficient answer to say that the referees, upon that appeal, " had no power to pass upon the question of the jurisdiction of the commissioners to make the order, but are confined to an examination of the case upon the merits, upon the assumption that the order is valid." (*People ex rel. Hubbard* v. *Harris and others*, 63 N. Y., 391.)

It is also claimed that the referees erred in admitting and receiving as evidence a paper marked exhibit " L," which was a consent, signed by one Warren G. Willis, to permit the alteration of another road across his premises, so as to avoid a steep hill, provided the road in controversy was discontinued. So far as we can gather from the imperfect return of the proceedings before the referees, the discontinuance of the road was objected to because another highway, which was claimed to have made it useless, had upon it a heavy hill. The paper was a consent by the owner of the property to change and alter the latter road, so as to avoid the hill by taking it through his orchard. In other words, the applicants for the discontinuance met the objection that the grade of the highway, which they claimed rendered the road which was sought to be annulled useless, was steep, by showing that it could readily be altered and changed so as to overcome that difficulty. The evidence was not improper. It tended to show that the argument founded upon the grade of the other road was not unanswerable, because such grade could readily be changed, and it thus tended to pre-

sent to the referees the direct question whether the road sought to be annulled had not been made useless by the other. Conceding, however, that the referees ought not to have received the evidence, there is another answer to the point. The statute (2 R. S. [6th ed.], 162, § 154), makes the decision of the referees, " or that of any two of them  *  *  *  conclusive in the premises." If a decision of the court of *dernier* resort can add anything to the force of words so clear as these, it may be said that the Court of Appeals, in *People ex rel. S. & U. H. R. R. Co.* v. *Betts and others* (55 N. Y., 600), have held like words in a similar statute " a bar as well to a review by a common-law *certiorari* as by appeal."

Neither is there any force in the objection that one of the referees did not meet with the others on an adjourned day — the 29th day of January, 1876. The return shows that all three of the referees did meet, but that two only made the order. The decision of two was all the statute requires (see section quoted above), the other meeting with them.

No other reasons than these which we have considered were urged upon the argument to sustain the order and judgment of the Special Term. The return to the writ of *certiorari*, so far as we have discovered, shows no error in the proceedings before the referees. There was no error affecting their jurisdiction, either in their appointment, or in the steps subsequently taken; and if they erred as to the merits of the appeal, there is no remedy. The statute already cited makes their decision, " or that of any two of them  *  *  *  conclusive in the premises;" and if "conclusive;" it cannot be reviewed, provided they were properly appointed, and in their action obeyed the statute. Having reached the conclusion that the order and judgment appealed from must be reversed upon the merits, it is, perhaps, unnecessary to say anything concerning the judgment for costs against the referees personally, as that must also fall with the general order of reversal. So grave an error, however, should not stand as a precedent. The referees were simply judges, and to charge them personally with costs has neither warrant nor precedent. The attempt to sustain it upon 1 R. S., 384, § 6 (1 Edmonds, 357, § 6), cannot be upheld. That statute enacts: " In all suits and proceedings prosecuted by or

against counties, or by or against county officers, in their name of office, costs shall be recoverable as in the like cases between individuals. Judgments recovered against counties, or against county officers, in actions prosecuted by or against them, in their name of office, shall be county charges, and when levied and collected shall be paid to the person to whom the same shall have been adjudged." The referees were not " county officers," neither was the common-law *certiorari* a suit or proceeding " by or against " them. Clearly they did not sue out the writ, and hence it was not a proceeding " by" them. Neither was it a proceeding " against " them, but a writ directed *to* them, as inferior judical officers, to review their action. They did not become parties to the controversy, and neither by the statute relied upon, nor by any other, or by any rule of law could they be charged personally with costs. The point is too clear for discussion.

The order and judgment of the Special Term must be reversed, with costs, and the order and decision of the referees affirmed.

LEONARD, P. J., and BOARDMAN, J., concurred.

Ordered accordingly.