## MARY JANE BROOKS, RESPONDENT, *v.* DAVID B. ST. JOHN, APPELLANT.

*False return by a justice of the peace — what damages may be recovered in an action brought for.*

The plaintiff herein appealed from a judgment recovered against her in an action brought by one Pope, before the defendant, a justice of the peace. Owing to the falsity of the return made by the defendant the appeal was heard on the law and not on the facts as desired by the plaintiff, and the judgment of the justice affirmed.

In this action brought by her to recover the damages sustained by her by reason of the false return, the judge charged that she was entitled to recover the costs paid in the County Court and the reasonable and proper expense she was put to in applying for the new trial.

*Held,* that the charge was sufficiently favorable to the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought by the plaintiff to recover damages for a false return made by the defendant, a justice of the peace of the town of Edmeston, in Otsego county, on an appeal from a judgment for forty-nine dollars and ninety-five cents damages and costs rendered by him in a civil action, wherein Charles H. Pope was plaintiff, and this plaintiff, Mary Jane Brooks, was defendant. The original pleadings were not returned by the justice, but alleged copies were set out in the return. The returns were false in that they omitted the judgment clause of the answer used in the suit between Charles H. Pope and Mary Jane Brooks, wherein Mary Jane Brooks, the defendant, claimed judgment against the said Charles H. Pope for seventy-five dollars, besides costs. The County Court held that it not appearing from the return that the defendant claimed judgment for fifty dollars or

over, that the appeal could not be considered one for a new trial and that the judgment of the court below should be affirmed with costs. On the trial of this action the court ruled, under objection and exception, that if the return was false, plaintiff was entitled to recover the costs paid in the County Court and the reasonable and proper expenses she was put to in endeavoring to obtain a new trial.

*O. F. Matterson* and *James A. Lynes*, for the appellant.

*Walter H. Bunn*, for the respondent.

LEARNED, P. J.:

One Pope sued the plaintiff, Brooks, before the defendant, St. John, a justice of the peace, and recovered. She appealed. The return made by the justice, as the jury have found, was false. By reason of the falsity of the return the appeal was heard on the law and not on the facts. And the present plaintiff Brooks, who had no question of law to present, but desired to have a new trial, had judgment against her of affirmance, with costs. She now sues the justice for the damages occasioned by the false return. The judge charged that she was entitled to recover the costs paid in the County Court, and the reasonable and proper expenses she was put to to obtain a new trial, of which she was deprived by the false return. The defendant appeals and insists that this rule of damages was too favorable to the plaintiff. He urges that she must show that she would have succeeded if she had had a new trial.

The defendant relies on *Millard v. Jenkins* (9 Wend., 298.) As that case is often cited on questions like the present, it is well to remark that the court held that there was no false return. Therefore the question of what damages would have been recoverable, if there had been a false return, did not arise. A ground of complaint was said to remain for an alteration of the justice's docket. As to this the court say that no fraudulent intent was alleged. It is true that, after deciding that there was no false return, the court speak of the measure of damages. But that was not involved, if in fact no false return had been made.

In *MacDonnell v. Buffum* (31 How., 158) a justice of the peace was sued for having made a false return, in falsely returning that

certain proof was not offered on the trial before him, or objected to or excluded. The judgment before the justice was affirmed by the General Term. In the action against the justice the rule of damages was the amount of the recovery which had been had against the plaintiff in the General Term and the amount for which he was liable to his attorney. That decision is in harmony with the charge in this case, as respects the expenses of the plaintiff.

So in *Rector* v. *Clark* (78 N. Y., 29), it is said that the plaintiffs " sustained damages at least to the amount which he recovered, being for costs and expenses actually paid." That is substantially the rule adopted here. Of course, if the plaintiff had had a new trial in the County Court she might have defeated the plaintiff in that action altogether, or she might have established her alleged counter-claim. On the other hand, she might have been unsuccessful there. The difficulty is that it is impossible for the jury, on this trial, to decide what would have been the result of a retrial of the former action in the County Court. That would have depended partly on the success of the parties in obtaining their witnesses and partly on the view the jury might have taken of the case. If, on the trial of the present action, the parties had attempted to retry the case of *Pope* v. *Brooks* in order to ascertain the damages sustained by the false return, witnesses might be dead or absent who were living or at hand, at the time when the retrial would have been had. And this defendant also might claim that he could not successfully litigate a controversy which arose between Pope and Brooks, and to which he was not a party.

We are satisfied that the defendant has no reason to complain of the rule of damages. Whether larger damages might not have been recovered, we do not inquire. In *MacDonnell* v. *Buffum* it may be noticed that the false return affected a question of law. And the effect of the false return was to prevent a reversal, which would have otherwise been granted as a matter of law. On that ground the plaintiff recovered as damages the whole amount of the judgment rendered against him.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., OSBORN and RUMSEY, JJ.

Judgment affirmed, with costs.