By the Court,

Helsos, C. J.
The only question in this case is, whether the judges can, on appeal, reverse in part and affirm in part the determination of the commissioners of highways in refusing to lay out a road.
I am of opinion they cannot, where the road in contemplation passes through improved lands, and as to the necessity for which the certificate of twelve freeholders is required. In that case the person applying'is required to post notices in three public places of the town, specifying, as near as may be, the route, the several tracts of land through which the road is to pass, and the time when the freeholders will meet. 1 R. S. 511 § 63. The freeholders are to examine the proposed route, &c., and certify, under oath, in regard to its necessity ; and the commissioners can only lay out a road “ so applied for and, certified,” § 66, 67. On an appeal to the judges, they may affirm or reverse ; and if they reverse, in case of the refusal of the commissioners to lay out the road, they “ shall proceed in the same manner in which commissioners of highways are directed to proceed in like cases,” (Id. 515, § 88, 94, 95,) and lay out the road “ applied for.”
The statute contemplates the judgment of three distinct bodies of men, if desired by the party interested, before the proposed road can be established : 1—the freeholders; 2—the commissioners of highways; and 3—the judges. And two of these bodies must concur in laying out. The certificate of the freeholders is indispensable, and it seems to me clear, the commissioners are confined to the termini of the route *thus [ *455 j certified by the freeholders. Indeed, if it be not so, the preliminary proceedings of the freeholders are of little importance, as the fact that they have recommended a given route as necessary for the public convenience, affords no ground for the presumption that they would have certified to a part of it; the same remark is equally applicable to the judges. To give any efficient force to the action of the freeholders, the power of the commissioners and judges in the matter must be limited to the line as recommended. The statute accords with this view. The commissioners may lay out the highway so applied for and certified ; (or refuse to do so ;) and on appeal the judges may lay out the road so applied for, p. 515, § 95, obviously referring to the route originally proposed and recommended by the freeholders.
The only doubt upon the statute, arises out of the words of the 90th section 515, which provides that the appeal to the judges shall be in writing, that it shall briefly state the grounds of it, and whether it is brought to reverse the whole or only a part of the determination of the commissioners; and that in the latter case it shall specify what part. This provision is new, and it appears to me must have been introduced without due regard to the *348 general system of laying out roads through improved lands, or to the obvious import of other sections of the law. These we have seen expressly limit the action of the commissioners and judges to the route certified by the freeholders. Effect, however, may be given to the section consistent with our view of the law, by confining it to cases where roads are laid out without the intervention of freeholders in the manner prescribed by the statute. 1 R. S. 510, § 58, 59, 600. I think we are bound so to limit it.
Proceedings reversed.