THE PEOPLE, *ex rel.* Walker, plaintiffs in error, *vs.* BAKER and others, defendants in error.

Referees appointed by a county judge, under section 8 of ch. 445 of the laws of 1847, to hear and determine an appeal brought under that section, from the determination of commissioners of highways, in a proceeding to lay out a highway, have power, on the hearing of such appeal, to reverse the decision of the commissioners in part, and to affirm it as to the residue.

THIS was a certiorari to remove proceedings had before the defendants as referees, appointed by the county judge of Chautauque county to hear and determine an appeal of E. Y. Partridge and others from an order of the commissioners of highways of the town of Gerry, laying out a public highway in said town. The highway was laid through inclosed lands, and twelve freeholders had certified to its necessity. The appeal was brought for the purpose of reversing the order of the commissioners of highways, *in toto* ; but the referees appointed by the county judge affirmed the order in part, and reversed it in part.

The People *v.* Baker.

It was insisted that the referees had no right to do this; but that they must either reverse or affirm the order, as a whole.

*E. F. Warren*, for the plaintiff in error.

*T. Burwell*, for the defendant in error.

*By the Court*, Greene, J. This case presents the question whether referees appointed by the county judge, under § 8 of ch. 455 of the laws of 1847, (*vol.* 2, *p.* 586,) to hear and determine an appeal brought under that section from the determination of commissioners of highways, in a proceeding to lay out a highway, can, on the hearing of such appeal, reverse the decision of the commissioners in part, and affirm it as to the residue. The relator relies upon the case of *The Commissioners of Highways of Sherburne* v. *The Judges of Chenango*, (25 *Wend.* 453,) in which it was held that while the freeholders had certified to the necessity of a road, and the commissioners had refused to lay it out, the judges, on appeal, could not reverse the decision of the commissioners as to a part of the road and lay it out, and affirm the decision as to the other part and refuse to lay out such part. It will be seen, by a reference to the provisions of the revised statutes respecting the appeal from the determination of the commissioners, that the provision is general, and applies in terms *to all cases* in which an appeal may be taken. (§§ 84 *and* 86, 1 R. S. *p.* 518.) Section 84 provides, "that any person who shall conceive himself aggrieved by any determination of the commissioners, either in laying out, altering or discontinuing any road, may appeal to any three judges of the court of common pleas, &c. Section 9 of ch. 180 of the laws of 1845, (*Laws, p.* 185,) provides that this appeal shall be taken to the first judge ; and section 8 of ch. 455 of the laws of 1847 provides that the appeal shall be taken to the county judge, and that he shall thereupon appoint referees to hear and determine the same. This section also provides that the appeal shall be taken in the same manner as appeals were theretofore allowed to be brought, under the above cited provisions of the revised statutes. Section 86 of the

revised statutes, above cited, provided that every such appeal should be in writing, addressed, &c. and signed by the party appealing; and that it should state the grounds upon which it was made, and whether it was brought to reverse *entirely* the determination of the commissioners or only *to reverse a part thereof.* Section 91 of the revised statutes provided, that when an appeal should have been made from a determination of commissioners refusing to lay out or alter a road, and the judges should reverse such determination, such judges should lay out or alter the road *applied for,* and, in doing so, should proceed in the same manner as commissioners. Section 91 was abrogated by § 13 of ch. 180 of the laws of 1845, (*Laws, p.* 186,) which provides that " where there shall have been any final determination on such appeal, making it necessary that any road shall be laid out, altered, &c. it shall be the duty of the commissioners to carry out such determination, the same as if the decision of the commissioners had been in favor of the road and there had been no appeal. Section 9 of ch. 455 of the laws of 1847 (*vol.* 2, *p.* 584,) provides that when said referees shall make any decision laying out, altering, &c. ANY *road, in whole or in part,* it shall be the duty of the commissioners of highways of the town to carry out such decision in the same manner as is required in cases of final determinations of appeals, as provided by the 13th section of the act hereby amended. (*Ch.* 180, *Laws of* 1845.) The difference between this provision and the provisions of section 91 of the revised statutes, and those of section 13 of ch. 180 of the laws of 1845, is very material. Indeed I am unable to understand the object of the provision last quoted, (§ 9, *ch.* 455, *Laws of* 1847,) unless it was to authorize, expressly, the precise disposition of the questions arising on the appeal, that was made by the referees in this case, of the matter pending before them. It will be seen that § 13, above cited, is not repealed, and that ample provision is there made for carrying out the determination of the referees, in cases where they affirm or reverse the decision of the commissioners *in toto,* and that the provisions of section 9, above quoted, apply in terms to *any road ;* and I am unable to see why they are not applicable alike

to cases where the commissioners have acted without a jury, and to cases where a jury has certified to the necessity of the road. I am of opinion, therefore, that whatever doubt there may have been as to the true construction of section 91 of the revised statutes, has been removed by this provision; and that the decision of the referees was right.

The proceedings below must be affirmed.

[ERIE GENERAL TERM, January 22, 1855. *Marvin, Bowen* and *Greene,* Justices.]