## FORD *v.* DANBURY.

The only distinctive marks of a highway petitioned for are its *termini.*

A highway, laid from one *terminus* described in the petition, about half the distance to and in the direction of the other *terminus*, and stopping there, can not be said to be the same highway petitioned for.

A petition for a highway, wholly in the defendant town, was presented to the selectmen, who refused to lay the highway. A similar petition was presented to the court, and referred to the county commissioners, who reported in favor of laying a

highway, commencing at one *terminus*, and extending toward and about half way to the other *terminus* described in the petition. The report was set aside, upon the ground that the commisssioners should affirm or reverse the proceedings of the selectmen, as a whole, and that the court had not jurisdiction to lay this highway recommended by the commissioners, since the selectmen had never been petitioned to lay that highway as a distinct route. But the petition was recommitted.

PETITION for a new highway in Danbury, commencing "at or near a stake and stones standing about four rods northeasterly of the bridge, in the road leading from the house of Archibald Ford to the house of George N. Ford; thence running in a westerly direction to or near a stake and stones, in the road leading from the house of George W. Dean to Grafton depot;" alleging that the selectmen of Danbury had been petitioned to lay out said new highway, as above described, and had neglected or refused so to do. The commissioners, to whom this petition was referred, reported that it was necessary for the accommodation of the public that the burden of making and maintaining a highway on a portion of the proposed route, but not on the whole route, and paying land damages, &c., should be imposed upon the town, and laid out the highway a part of the distance on the proposed route, beginning at the first *terminus* mentioned in the petition, and running westerly, by metes and bounds, two hundred five rods and thirteen links, "to a stake standing in range of the east end of said Robert Ford's dwelling-house, and about four rods south of the house, it being on the direct route of the petitioners." This last stake was about two hundred eighty-three rods easterly of the last *terminus* mentioned in the petition. The petitioners move for judgment on this report; or, in case this motion is not granted, for a recommitment of the report; and the town of Danbury moves for the rejection of all that part of the report laying out a highway over a portion of the route prayed for, and for judgment upon the residue of the report; and the questions of law arising upon these motions were reserved.

*Flanders*, and *Pike & Barnard*, for the petitioners.

*Norris*, for Danbury.

SARGENT, J. Petitions for highways must give the *termini* of the road petitioned for, without fixing any intermediate bounds (67th rule of court), and a highway laid out on such a petition need not be a straight line from one *terminus* to the other, but the line between the *termini* may vary according to the feasibility of the route, at the discretion of the selectmen or commissioners. *Wiggin* v. *Exeter*, 13 N. H. 304. As no courses, distances or intermediate monuments are to be given in the petition, the only way of knowing whether a highway is laid over the route petitioned for is by the *termini*.

A highway may be laid narrower than is designated in the petition, and the laying is good. *Raymond* v. *Griffin*, 23 N. H. 340. It is urged in argument that by the same rule a road laid shorter than the one petitioned for would also be good. But the rule does not

apply. It has also been held that a highway laid wider than is designated in the petition is good as against every body but the landowner. And this objection can not be taken in any collateral proceeding where the town is a party. *Proctor* v. *Andover*, 42 N. H. 354.

Apply the same rule to the length of the road, and it will be seen at once that the analogy will not hold, for when the selectmen or commissioners have reached the *termini* of the route petitioned for, at either end, their jurisdiction ceased, and whatever they should do beyond would be void, and might be inquired into in any collateral proceeding. Whether the road is laid wider or narrower than is designated in the petition is immaterial, so far as the jurisdiction is concerned over the subject matter.

The width of a highway should be a matter within the discretion of the selectmen or commissioners, just as it is to select the most feasible route between the two *termini*. The width of the road, as stated in the petition, is not at all material, and it would be the better way probably that petitions for highways should simply request the selectmen or the court to lay out the highway of such width as they may deem proper, or as the public convenience may require, without designating any particular width in the petition.

And we doubt whether even the land-owner, when he has been properly notified, and his land taken after a full hearing, and damages awarded to him, according to the quantity taken, can object that either more or less in width is taken than is designated in the petition. *Raymond* v. *Griffin, supra.* But that question is not here raised.

*Pierce* v. *Somersworth,* 10 N. H. 369, is relied on as an authority for the plaintiffs, where it is said that the court "in its discretion may accept the report of a committee, so far as it lays out a part of a highway, and reject it for the residue. But an examination of the case will show that it has no application to the present case. That was where the court's committee undertook to lay out a highway over the whole route prayed for; but it was suggested that certain land-owners on the route had not been notified, and that the laying out over such lands was void; and it is held that though, in such a case, the court might have accepted the report, except so far as it extended over such land, and rejected it for that part, if the case was one that admitted and required such a course, yet that the proper practice ordinarily was, in such cases, to recommit the report, so that such land-owner might be notified, and have a legal report and a legal laying out all the way. That case has no parallel to the present one.

Nor would there be any objection to the *dicta* of Shaw, C. J., in *Princeton* v. *Commissioners of Worcester Co.,* 17 Pick. 156, if our statute, like the one in Massachusetts, gave the commissioner express power to lay a part of the highway petitioned for, and not the rest; or perhaps if it, like the old statute of Massachusetts of 1786, referred to by him, gave the court original jurisdiction, upon application made therefor, to lay out new highways, or to alter or turn those already established, without any limitation, and where

no previous proceedings are required before selectmen or any other tribunal. So if one statute gave to selectmen and to the court such a distinct class of cases, without any connection, or appellate jurisdiction from one to the other, there might be no particular objection to the application of the doctrine, as claimed by the plaintiffs.

The only distinctive marks of a highway as petitioned for are its *termini*. If two petitions were presented to the selectmen at the same time, both commencing at the same monument and running in the same general direction, but one stops at a monument one mile from the starting point, and the other continues to another monument a mile beyond, the petitions could not be said to be for the same highway. The surface of the ground might be such, and other circumstances connected with the routes, that though both were to go in the same general direction, yet the one would need to go upon ground entirely different from the other for the first mile.

In this case, if the petition to the selectmen had been for the whole route, but the petition to the court had been for a highway only half the distance, say for the part which the commissioners laid, it could not be said to have been for the same road that the selectmen had been petitioned to lay out, nor would it be pretended that on such a petition the court had jurisdiction to act at all; because their jurisdiction is founded solely, in a case like this, upon the fact whether the selectmen have first been petitioned to lay the road. Here is where our statute differs materially from that of Massachusetts, to which we have alluded; and here is to be found the reason why the rule applicable under their statutes is not applicable here.

In this case the petition to the court was for the same highway as was that to the selectmen. No question is raised, therefore, in relation to the jurisdiction of the court over the petition, and over the whole route prayed for. The same was true in *Sumner's Petition*, 14 N. H. 268, where the petition was for a highway in two towns, which gave the court original jurisdiction of the petition and of the route prayed for. But the commissioners reported in favor of laying out only on part of the route petitioned for, all of which was in one town; and it was held that they had not jurisdiction to lay, because all that they had laid was within the jurisdiction of the selectmen, and being so, could not be laid by the court until the selectmen had been petitioned to lay it, and had refused to do so; and hence the report was rejected. In the present case the commissioners have laid out a portion of highway, but it is a highway which the selectmen have never been petitioned to lay, for although they have petitioned to lay out a highway over the whole route prayed for, the same as the court was, and declined, yet it is to be presumed that if they had been petitioned to lay one over the route where the commissioners have laid theirs, they would have laid it. And whether they would or not, it is a sufficient reason, we think, that the selectmen have never been petitioned to lay this highway, that the court have not now jurisdiction to lay it. The opinion of *Parker*, C. J., in *Sumner's Petition*, will be found to apply to the present case with great force and fitness,

and the reasons then stated seem sufficient why judgment should not be rendered on this report laying out a portion of this highway.

A case is found in New-York nearly parallel with this. *Commissioners, &c.,* v. *The Judges of Chenango,* 25 Wend. 453. In that State a petition for a highway must first be presented to the commissioners, who may summon a jury of freeholders, &c. But if the commissioners finally refuse to lay the road, the petitioners have an appeal to the judges of the county court, and their law provides that the judges may affirm or reverse the proceedings of the commissioners; and if they reverse them and lay out the road, they shall proceed in the same manner in which the commissioners are directed to proceed in like cases. But it is there held that the judges have not the power to reverse in part and affirm in part; that they can not lay out a portion of the highway prayed for, and not the rest, but that they must lay the whole or reject the whole. They must either affirm or reject *in toto.*

In the case before us the jurisdiction of the court was in its nature purely appellate, and we think they had not jurisdiction to lay the part which the commissioners attempted to lay, because the selectmen had never been petitioned to lay that highway. We think the commissioners should affirm or reverse the proceedings of the selectmen as a whole. But as they have undertaken to divide the question, and decide a part one way and a part the other, to affirm in part and to reverse in part the doings of the selectmen, we think the report may be recommitted, and the commissioners may consider the question as a whole, and decide whether they will affirm or reverse the proceedings of the selectmen *in toto.*

*Report set aside ; petition recommitted.*