THE PEOPLE OF THE STATE OF NEW YORK ex rel.
ASA W. WILKINSON v. GEORGE F. CARMAN and
Others.

*Powers of referees on an appeal from an order of commissioners of highways laying
out a highway — they cannot reverse in part, and lay out a new and independent
highway.*

Upon the hearing of a *certiorari* to review the action of three referees, appointed
upon an appeal from an order of commissioners of highways laying out a road, it
appeared that the referees affirmed the determination of the commissioners, so far
as it laid out the highway from the Beaver Dam road on the north to the Potunk
road on the south, and reversed it as to the residue, which extended the road in a
south-westerly direction, about 146 rods, to the bay.   After so confirming the
order in part the referees laid out a highway, starting from the same place, on
the southerly side of the Potunk road, and running to the bay over improved
land of the relator, in a straight line, being about 156 rods in length.   The new
portion commenced to vary from the line of road laid out by the commissioners,
immediately after leaving the Potunk road, and ran to the eastward of and
terminated thirteen rods beyond the latter, its boundaries and courses nowhere
corresponding with those of the other road.

*Held*, that the action of the referees was manifestly in excess of their jurisdiction.
That the highway laid out by them south from the Potunk road was essentially a
new highway, and although they had power to reverse or affirm the action of
the highway commissioners in whole or in part, or to make some deviation
from the route of the road originally proposed, they had no authority to lay out
an entirely new road on an independent line.

*It seems*, that their action, upon an appeal from an order laying out a highway,
should be confined to a reversal if they found the road to be unnecessary.

Certiorari to review the action of referees appointed by the
county judge of Suffolk county upon an appeal from an order of
the commissioners of highways laying out road.

*Payne & Benjamin*, for the relator.

*E. A. Carpenter*, for the respondents.

Dykman, J.:

This case comes to us upon a writ of *certiorari* to review the
action of three referees appointed by the county judge of Suffolk
county, upon an appeal from an order of commissioners of highways
laying out a road.

The commissioners of highways of the town of Southampton, in Suffolk county, made an order for the laying out of a highway in that town, by routes and bounds, and by courses and distances, upon a regular application and in due form of law, and filed the same in the office of the town clerk of that town, on the 26th day of September, 1885. Thereupon this relator appealed from that order to the county judge of Suffolk county, who appointed three referees in the manner required by statute, and there is no complaint of any irregularity. The referees convened and heard proofs and arguments, and affirmed the determination of the commissioners of highways, so far as it laid out the highway from the Beaver Dam road on the north, to the Potunk road on the south, and reversed as to the residue. Such residue of the road in relation to which the referees reversed the action of the commissioners extended in a south-westerly direction, about 146 rods to the bay, with a variation or drop to the westward before reaching its terminus. After affirming the commissioners' order in part and reversing as to the residue, the referees proceeded to lay out the highway on the same line, and in the same place, from the Beaver Dam road, southerly to the Potunk road, and from the southerly side of that highway they laid out a new road to the bay, about 156 rods in length. The portion of the road so laid out, which was new, commenced to vary from the line of the road laid out by the commissioners, immediately after leaving the Potunk road for the south, and ran to the eastward until it soon left the commissioners' road, and was laid through improved land of the relator on an entirely new location, in a straight line to the bay. In one place the new road is twelve rods east of the road laid by the commissioners. It terminates thirteen rods beyond the latter, and its boundaries and courses nowhere correspond.

The question presented to us is whether the referees exceeded their jurisdiction by laying out the new highway from the Potunk road south. The powers and duties of referees appointed on appeals from orders of commissioners of highways have never been defined with precision by the courts, but by the statute they are invested with all the power possessed by the three judges to whom appeals were carried under the Constitution and laws in force prior to 1847 (chap. 455 of the Laws of 1847, section 8), with the power in addi-

tion to reverse or affirm in whole, or in part, which the judges could not do. Section 9 of the act and *Commissioners of Highways* v. *Chenango Judges* (25 Wend., 453). The authority of the judges, under the old system of appeals, was confined to the merits alone, the propriety or necessity of laying out the road for which application had been made. They were to examine and determine whether the road was necessary or unnecessary. (*Com. of Warwick* v. *Judges of Orange Co.*, 13 Wend., 432.)

Neither the commissioners of highways in the first instance nor the referees upon the appeal are confined to any precise line of road, but they may both exercise a reasonable discretion. Each case must depend upon its own peculiar circumstances, and the inquiry upon review must be whether the departure from the general route designated by the original application, respecting which the referees were called upon to act, has been so wide and flagrant as to exceed their jurisdiction, or in other words whether the referees have laid out substantially a new road without the preliminary steps required by law. (*Hallock* v. *Woolsey*, 23 Wend., 328.) Guided by the light of these sensible and judicious rules we have reached a conclusion adverse to the decision of the referees. We think their action was manifestly in excess of their jurisdiction. The highway laid out by them south from the Potunk road was essentially a new highway, and although as we have seen they had power to reverse or affirm the action of the highway commissioners in whole or in part, or to make some deviation from the route of the road originally proposed, yet we find no authority bestowed upon them to lay out an entirely new road on an independent line. Such a proceeding would be an unwarranted innovation upon the scheme of our statutes for laying out and making new roads, and cannot receive the sanction of the courts without legislative justification. The effect of the order of the referees would be to appropriate the improved land of the relator to public purposes without the safeguards provided by the constitution and the laws in laying out new roads.

Another view shows the action of the referees in laying out the new road equally erroneous. Upon an appeal from an order of the commissioners of highways refusing to lay out a highway, the referees seem to be clothed with power to reverse the order, and lay out the road in accordance with the prayer of the applicant, and to

make such an order as the commissioners should have made upon proper notice to the persons interested. (*People ex rel Odle* v. *Kniskern*, 54 N. Y., 52.)   But this was not an appeal from an order refusing to lay out a highway, but exactly the contrary.   The commissioners had laid the highway and located it with the precision of a survey, and the appeal was from that order, and upon such an appeal we find no authority vested in the referees to lay out a new road.   A road had already been laid out and the action of the commissioners was to receive confirmation at the hands of the referees if they found the road necessary and proper, except with slight variations in their discretion as we have seen, and the referees were only to reverse if they decided against the action of the commissioners upon the merits.   We think their action upon an appeal from an order laying out a highway should be confined to a reversal if they find the road unnecessary.   Such a conclusion seems to be harmonious with the highway system of the State, and leaves the rights of citizens whose property is to be condemned for public use guarded by the observance of all the preliminary notices and hearings designed for his benefit.

Upon a careful consideration of the whole case, we conclude the order of the referees should be reversed.

PRATT, J., concurred.

Order of referees reversed.