### KING et al. v. REED, Commissioner of Highways.

*(Supreme Court, General Term, Fifth Department.   April 11, 1890.)*

HIGHWAYS—DECISION OF COMMISSIONER—NOTICE OF APPEAL.

    A notice of appeal from the determination of a highway commissioner laying out a highway stated that the appeal was taken "from the said determination of the said commissioner," and that the ground upon which it was made was that said determination was "unlawful, illegal, and erroneous, and that said commissioner had no legal power and authority to make the same." *Held*, that it brought up the whole question of the propriety of laying out the highway, or any part of it, though the following clause of the notice stated that the appeal was brought to reverse all that part of the determination "which lays out or continues said proposed highway west of the center of said Barker road," and that the decision of the referees that the determination be reversed was a total extinguishment of the determination and conclusions of the commissioner.

Appeal from special term, Monroe county.

Action by Victoria A. King and another, administrators of Alonzo F. King, against Joseph Reed, commissioner of highways of the town of Manchester, in the county of Ontario, to restrain defendant from laying out a highway. Plaintiffs appeal from an order vacating a temporary injunction.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Edwin Hicks*, for appellants.   *E. W. Gardner*, for respondent.

MACOMBER, J. The defendant's predecessor, one Mr. Monroe, as the commissioner of highways of this town, laid out a highway running from and substantially continuing Church street, a country road running from Clifton Springs westward towards Shortsville, the new portion thereof being extended from near the east line of the lands of Samuel Dent, through his farm and that of Alonzo F. King, the plaintiffs' intestate, to a north and south road known as the "Barker Road," and thence through the lands of Thomas W. Barker to the Sanger and the George A. Short farms, turning at

the latter place southerly into the old highway known as the "Old Road." An appeal was taken by Mr. Barker, from the determination of this highway commissioner, to the county judge of Ontario county, who duly appointed three referees under the statute. No other person joined in the appeal, the notice of which was served upon the last day provided by law. Omitting the formal parts, the notice of appeal is as follows: "From the said determination of the said commissioner, and pray the appointment of three referees, according to the form of the statute in such case made and provided, to hear and determine my said appeal. The ground upon which this appeal is made is that the said determination or order of the said commissioner is unlawful, illegal, and erroneous, and that said commissioner had no legal power and authority to make the same, and said appeal is brought to reverse all that part of said determination of the said commissioner which lays out or continues said proposed highway west of the center of said Barker road, and through the lands of the appellant Thomas W. Barker, and the lands of Mrs. Robert Sanger, and of George N. Short." The referees, after the hearing before them on the appeal, declared in their decision, with recitals, that upon the proofs and allegations of the parties they did order, determine, and adjudge that the said determination of the said commissioner of highways be, and the same should be, reversed.

The main question on this appeal is whether or not the decision of the referees was a total extinguishment of the determination and conclusions of the highway commissioner, or whether the same was a reversal of part only, by which the projected new highway through the lands of the appellant in that proceeding, Thomas W. Barker, and those of Sanger and Short, was alone defeated, leaving the residue of the highway to be constructed in accordance with the determination of the highway commissioner. There is a clashing of the orders of the special term of this court, and the decision of the referees, which could easily have been avoided had the question here presented, and which must here be met, been brought to the general term in another proceeding, which we will mention. After the decision of the referees, a man by the name of Parkhurst, not interested in the laying out and working of this highway otherwise than as a resident of the town of Manchester, not being liable for any assessment for the expenses of opening such road, brought proceedings in the supreme court, as relator, against this defendant, as highway commissioner, requiring him, notwithstanding the decision of the referees, to proceed and lay out that portion of the highway running from Church street westwardly to the Barker road. A *mandamus* was granted by the special term in accordance with the prayer of the application, and it was probably based upon the opinion of the learned justice that, under the appeal brought by Barker from the decision of the highway commissioner, it was competent only for the referees to reverse so much of the determination as laid out the road through Barker's, Sanger's, and Short's lands, leaving the residue of the highway as projected by the commissioner. Had an appeal been taken from that order, a decision would have been rendered which would have precluded the necessity of bringing an action by any other person. But the defendant had no interest in taking such appeal, and none was brought. Hence the manifest reluctance of the learned justice in granting the order now under consideration, and the insertion of a provision therein that the decision was made upon the authority of the ruling in the *mandamus* case. We are of the opinion that these plaintiffs are not in any way bound by the order made in the *mandamus* proceedings. If, however, the decision of the referees on appeal was legally a modification only of the decision of the commissioner of highways, and that it was the duty, under that decision, of the highway commissioner to lay out the residue of the road, they would be precluded thereby, because they were parties to the proceedings before the highway commissioner. The question therefore is, as stated above, whether the

judgment of the referees was a total or partial reversal of the determination of the commissioner.

The decision made on the motion vacating the injunction order in this action is based upon the opinion of the judge that the decision of the special term granting the *mandamus* against Reed was authoritative and binding upon the special term. Undoubtedly, as an authority, it was binding, because the judgment therein rendered must necessarily have determined that the appeal from the highway commissioner to the county court enabled the referees only to afford relief to the appellant in that proceeding, namely, Thomas W. Barker, and those west of him. But the question is clearly open to the court at general term. The form of the notice of appeal is prescribed by the statute, and is as follows: "Every such appeal shall be in writing, addressed to the judges, and signed by the party appealing. It shall briefly state the ground upon which it is made, and whether it is brought to reverse entirely the determination of the commissioners, or only to reverse a part thereof, and in the latter case it shall specify what part." Section 86, tit. 1, art. 4, pt. 1, c. 16, Rev. St., (2 Rev. St., 8th Ed., p. 1380.) By chapter 455 of the Laws of 1847, the notice of appeal was changed so as to be addressed to the county judge. The case of *People* v. *Baker*, 19 Barb. 240, is one where, on an appeal from the decision of the commissioner, a part of the determination was reversed, and a part affirmed. It is argued by counsel for appellant that, under this and other authorities that he cites, if it is competent to reverse in such an instance in part only, it would be competent to reverse wholly, even upon the construction of the notice of appeal made by the respondent's counsel, by which it is argued that the appeal was intended to be from a part only of the determination of the commissioner; but such a conclusion would hardly follow. If the appeal is brought from the whole determination, it is competent for the referees to reverse *in toto*, or in part only. If a reversal in part only is sought by the notice of appeal, it is manifestly proper, though not indispensable, that the notice should contain the portion only which it is sought to reverse. In the case of *People* v. *Carman*, 47 Hun, 380, it was held that while it was competent for the referees to reverse in part and affirm in part, yet, where the road so laid out by them was essentially a new highway, and not a slight deviation only from the route of the road as originally laid out, they were guilty of excess of authority, and their determination could not be sustained upon *certiorari*. It was held in the case of *Rector* v. *Clark*, 78 N. Y. 21, which was a proceeding for altering or discontinuing the highway, that the referees did not sit in review of the evidence or proceedings before the commissioners, but that they proceeded to a hearing *de novo*, and the case should be heard and determined upon the facts existing at the time the hearing was had. Judge CHURCH, in considering the requisites of a notice of appeal, there says, (page 25:) "The statute does not require that all the reasons, or any of them, tending to show the original order erroneous or illegal, shall be stated. It only requires the 'ground' to be briefly specified. In this case the commissioner had altered a highway by widening it, and the 'ground' that his order was erroneous was a sufficient specification under the statute. It necessarily involved the merits of the action of the commissioner. He decided to alter the highway. The appellant alleged that such decision was erroneous, thereby taking issue upon the propriety of the alteration. He need not assign any reasons, or, if he does, is not confined to them, on the hearing before the referees. He may use any arguments or show any reasons why the alterations should not be made, or, in other words, show that the order was erroneous, and ought not to have been made. He may not attack the regularity of the proceeding before the commissioner, but upon the merits he is not confined to reasons which may have been specified. If the notice were sufficient to confer jurisdiction upon the county judge to appoint the referees. the proceeding is then governed by

the statute. The duties of the referees are prescribed. They proceed to a hearing *de novo*, they are required to hear the proofs and allegations of the parties, and render their decision upon what appears before them, and they do not sit in review of the evidence or proceedings before the commissioner." Section 89.

In the case before us, the notice of appeal was not only from that determination of the commissioner which carried the highway through Barker's lands and those west of him, but from the decision to construct the road at all. The notice of appeal is "from the said determination of the said commissioner," and then prays for the appointment of the referees to hear and determine the appeal. Furthermore, the ground upon which the appeal is made is stated to be "that the said determination and order of the said commissioner is unlawful, illegal, and erroneous, and that said commissioner had no legal power and authority to make the same." These clauses of the notice of appeal bring up, in our judgment, the whole question of the propriety of laying out the highway in question, or any part of it, under the decision of the court of appeals already quoted. The fact that in the next clause following these general words it is stated that the appeal is brought to reverse all that part of said determination of the said commissioner which lays out or continues said proposed highway west of the center of said Barker road does not, in our judgment, inasmuch as it contains no limitation or notification that that is the only purpose of appeal, limit the power of the referees in any respect in determining that no part of the road should be laid out. Upon the evidence before us, there is no doubt but that the referees actually intended to prevent the laying out of any part of this proposed highway. Proceedings had been theretofore instituted, and a jury had decided that there was no necessity for the highway running from Church street, westerly, to the Barker road only. The case further discloses that the manner of taking this appeal by Barker, who by words and acts induced other parties interested not to bring like appeals, shows that it was his intention so to manage matters as that, though he had been defeated in getting by fair means that portion of the road from his farm opened for his accommodation to the east to Church street, yet that the same object might possibly be attained by indirection. But these matters ought not to obscure the legal question; for, however much these plaintiffs may have been deceived into acquiescence and belief in the sufficiency of Barker's appeal to protect the rights of all others, yet such rights manifestly would not have actually been protected, save only for the decision of the referees, which was a reversal *in toto* of the decision of the commissioner. The order vacating the temporary injunction should be reversed, with $10 costs and disbursements. All concur.